CROSS v. GARRETT *et al.*

1. Instructions: REFUSAL OF. The refusal of instructions, which, though containing correct propositions, could not, in view of all the facts developed by the evidence, have prejudiced the party complaining, will not operate to reverse the case.

Cross v. Garrett.

2. Practice: RIGHT OF COUNSEL TO COMMENT ON MOTION ATTACHED TO PAPERS. A motion for continuance being a part of the record, may be commented upon by opposite counsel in their argument, without its having been formally offered in evidence.

*Appeal from Scott District Court.*

MONDAY, DECEMBER 18.

ON the 13th of October, 1871, the plaintiff filed his petition, alleging that on the 5th of April, 1869, at Bridgeton, Maine, he sold and delivered to the defendants, Hugh Garrett and J. T. Webb, who were at that time, as he was informed and believed, about to engage in the business of manufacturing boots and shoes at Davenport, certain machinery, tools, patterns, pulleys, lasts, etc., for $2,554.95, and that it was agreed at the time of sale that the title to said property should remain in plaintiff until the whole of said sum should be paid; that no part of said sum has been paid; that he has demanded the pay or a delivery to him of said property; that they have refused to deliver said property to him, or to pay for the same, and have exercised dominion over it to the exclusion of plaintiff's rights therein.

On the 17th of April, 1871, plaintiff filed an amendment to his petition, alleging that on the 5th of April, 1869, he agreed verbally with the defendant J. T. Webb to deliver to him certain machinery, tools, pulleys, lasts, etc., and that defendant Webb should purchase the same for the sum of $2,554.95, and that the title should remain in plaintiff until said sum and interest should be paid; the understanding being that payment should be made in the summer of 1869. That about January, 1870, defendant Hugh Garrett assumed the custody of said property, and continued to retain possession and to exercise dominion over the same to the exclusion of plaintiff's rights therein, and refused to deliver said property or to pay for the same,

although plaintiff repeatedly demanded said property or pay therefor.

The answer of defendant Garrett denies generally all the allegations of the petition, and avers that in the spring of the year 1869, John T. Webb represented that he was the owner of the machinery referred to, and proposed to unite with the defendant in the business of manufacturing boots and shoes; that he and Webb entered upon the business of manufacturing boots and shoes with said machinery, and continued for a considerable time until the building and machinery were destroyed by fire; that he entered upon said enterprise with Webb in good faith, and invested therein a large amount of capital, and devoted his time, skill and money to the prosecution thereof, honestly believing that Webb was the real owner of said property; that notwithstanding the fact that plaintiff knew the business to which said property was placed by Webb, and the business relation entered upon by Webb and defendant, and the capital invested and expenses necessarily incurred by defendant, he never intimated that he claimed any interest in the property, until long after the incurring, on the part of defendant, of said expenses, and difficulties had arisen between Webb and defendant, and Webb had become indebted to him in an amount equal to the value of the machinery by him placed in said business; that the property was not delivered because defendant did not believe that plaintiff was the owner thereof or entitled thereto, and that whilst the matter was in the hands of his attorney for decision and investigation the property was destroyed by fire; that plaintiff allowed Webb to deal with the property as his own, and is estopped from setting up any claim thereto; that Webb was in fact the owner of said property, and that Webb and the plaintiff have confederated for the purpose of wronging defendant, and that plaintiff's claim is a pretense; that plaintiff stood by and knowingly permitted defendant to treat Webb as the

owner of the property, without informing defendant of his rights, whereby Webb became largely indebted to defendant; and that Webb has fully discharged his indebtedness to plaintiff. The cause was tried by a jury, and verdict returned for $1,587.50. Motion for new trial was overruled, and judgment rendered upon the verdict. The defendant Garrett appeals.

The further necessary facts are stated in the opinion.

*Hubbell* and *Martin & Murphy* for the appellant.

*White & Ackley* and *Bills & Block* for the appellee.

DAY, J. — The defendant requested the court to submit to the jury the following instructions:

"1. If you find from the evidence that the plaintiff Cross at the time he sold the property to Webb (if he did so sell) knew that the said Webb had made or entered into a business arrangement with the defendant Garrett, whereby he (Webb) intended to bring said property from the possession of Cross and place it in a partnership business with Garrett, and that Cross parted with said property by reason of such intended partnership, and that said business as understood by Cross was entered into between Webb and Garrett, and that said Webb and Garrett became involved in said business and are still involved, and that said partnership business is still unsettled, and that the property placed in said business is holden for said debts or some of them, then Cross cannot recover in this case against defendant Garrett."

1. INSTRUCTIONS: refusal of.

"2. Should you find that, at the time the plaintiff sold the machinery (if he did sell it), he knew that Webb intended to place said property in joint or partnership business with Garrett, and that it was so placed and so used, and that said property became liable for the debts of said joint or partnership business, and is still liable, then the plain-

tiff cannot recover in this suit against the defendant Garrett."

"3. Should you find that the defendant Garrett invested his money, believing in good faith that Webb owned the machinery in dispute, and that plaintiff had no interest therein, and that the plaintiff Cross knew at the time he gave Webb the possession of the machinery that Garrett so intended to invest his money, and that Garrett has become involved in debt by reason of such investment, and that the property is holden therefor, then the plaintiff cannot recover in this case against the defendant Garrett."

The court refused to give each of these instructions. The defendant assigns this ruling as error.

If it should be conceded that these instructions involve correct propositions of law, yet the refusal to give them worked the defendant no substantial prejudice. The entire evidence in the case has received a careful examination by each member of the court, and we unite in the opinion that there is no testimony from which the jury could fairly have found that plaintiff knew either that Webb and Garrett intended to form a partnership, or that Garrett intended to invest his money upon the faith of Webb's ownership of the property in dispute. The only witnesses who testify with reference to the circumstances attending the contract respecting the property are Webb and the plaintiff. There is nothing in the testimony of plaintiff tending to establish a knowledge upon his part that Garrett and Webb intended to form a partnership, and Webb testifies not only that he never made any representations to plaintiff whatever as to being a partner with Garrett, but that such partnership in fact never existed. Whatever the fact may have been respecting a partnership between Garrett and Webb, there is no evidence that Cross knew of an intention to form such partnership at the time of making the contract in question.

II. The court gave the jury the following instructions:

" As to whether there was a copartnership between defendants Garrett and Webb or not is not an important question in this case unless you find that the plaintiff knew that there was such connection between the parties, and authorized and directed the defendant Webb to represent the machinery as his own, and to place it among the assets of the company as capital, and unless Webb did so represent and place it, and if Webb represented the machinery without the knowledge or consent of plaintiff then the plaintiff is not to be affected by Webb's action."

The giving of this instruction the defendant also assigns' as error. This instruction, it seems to us, too strongly presents the doctrine of protection to plaintiff. If he knew that a partnership existed between Webb and Garrett that knowledge might affect his rights, even if he did not *authorize and direct the defendant Webb to represent the property as his own, and to place it among the assets of the company.* But as there is no evidence that plaintiff knew of the existence of a partnership between the defendants, an erroneous instruction as to the effect of such knowledge works no injury. This view disposes also of the objection urged to the third, fourth and seventh instructions of the court.

III. From the evidence it appears that Garrett insured the machinery in his own name. After the loss of the property plaintiff notified the insurance company of his claim thereto, and Garrett failed to recover, on account of its loss, from the company. Respecting this the court instructed as follows : " The notice alleged to have been given to the insurance company by the plaintiff in relation to the ownership of the machinery and the failure of defendant Garrett to recover the amount for which the same was insured, by reason of such notice, if such be the fact, does not in any manner affect the plaintiff's right to recover in this action."

We discover no error in this instruction. The notice

contains merely a brief statement of the circumstances un-
der which the property came into the possession of Gar-
rett; that he held it as bailee; that possession of it had
been demanded, and that plaintiff made the statement
simply for the purpose of protecting his rights. The no-
tice is as accurate in its detail of facts as its brevity ad-
mitted or the circumstances required. It certainly was
quite reasonable that such notice should be given, and we
are unable to see any good reason why the plaintiff's rights
should be prejudicially affected thereby.

IV. In his closing argument plaintiff's counsel asked
permission of the court to read to the jury and comment

2. PRACTICE: right of counsel to comment on motions attached to papers.

upon a motion of defendant for a continu-
ance filed in the case. Defendant objected
upon the ground that it had not been offered
in evidence, was immaterial, and defendant
had closed his case and could not reply. The objection
was overruled, and this action is assigned as error. The
motion for continuance was part of the record, and a proper
matter of comment by the opposite party, without being
formally offered in evidence.

Whilst it is true that the regular order of trial requires
that the party having the burden of the issue shall dis-
close in his opening argument all the points relied on in
the cause, yet this rule is sometimes departed from; and
if, in the close, he refers to any new material fact, the
adverse party has the right of replying thereto. Rev.,
§ 3047. The defendant did not ask permission to make
such reply. There is no error in this action of the court
justifying a reversal. We have noticed all the alleged
errors insisted upon in the argument.

Affirmed.