Hanners v. McClelland.

HANNERS v. McCLELLAND.

1. **Slander**: CHARACTER OF PLAINTIFF: CROSS-EXAMINATION. In an action for slander, where none of plaintiff's witnesses had testified on direct examination as to her character, or as to rumors and reports in regard to her, *held* that it was incompetent on cross-examination to inquire as to rumors affecting her character, even though her bad reputation was pleaded in mitigation of damages. (See Code, sec. 2682.)

2. ——— : EVIDENCE : OTHER SIMILAR STATEMENTS. In an action for slander, statements of the character of those complained of, and made by defendant at about the same time, may be shown in evidence against him.

3. ——— : GENERAL REPUTATION OF PLAINTIFF : EVIDENCE OF SPECIFIC ACTS AND RUMORS THEREOF. In an action for slander, defendant pleaded in mitigation of damages that plaintiff was a woman of bad reputation for chastity ; and that at a certain time it was a matter of general rumor that she and her employer held sexual intercourse. *Held* that special acts of sexual intercourse between her and her employer could not be proved, because not pleaded, and that still less could rumors of such special acts be proved ; but that defendant was confined to proof of her general reputation for chastity.

4. **Witness** : EXAMINATION : CONVICTION FOR CRIME. A witness may be asked whether he has ever been convicted of a felony (Code, sec. 3648) ; but not whether he has ever been convicted of a crime, since crimes are not all felonies.

5. **Slander**: REPUTATION FOR CHASTITY : NEIGHBORHOOD. In an action for slander, defendant pleaded that plaintiff was a woman of bad reputation for chastity in the neighborhood of a certain summer resort, and his evidence related only to her reputation in that neighborhood. But, it appearing that she was at the resort only a few weeks, and resided in a neighboring town both before and after her residence there, *held* that evidence of her good reputation at the town was properly admitted on her behalf.

6. Practice: ARGUMENT TO JURY: READING MOTION FOR CONTINU-ANCE. It is not improper for plaintiff's counsel to read to the jury in his opening argument a motion and affidavit for continuance, filed by defendant at a former term, and to comment upon the evidence expected to be furnished, as alleged in the affidavit. (Compare *Cross v. Garrett*, 35 Iowa, 486.)

7. Costs: OF UNNECESSARY WITNESSES. It is not error to refuse to tax to the successful party the costs of witnesses subpœnaed by him, merely because they have not been used for any material purpose.

*Appeal from Dickinson District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MARCH 12, 1888.

ACTION to recover damages for injury alleged to have been caused by slanders uttered by defendant. The case was tried to a jury, and a verdict and judgment rendered for plaintiff. Defendant appeals.

*J. W. Cory*, for appellant.

*Parker & Richardson* and *Orson Rice*, for appellee.

ROBINSON, J.—The plaintiff was employed as servant in a summer resort on Spirit Lake, known as "Sampson's Lodge," from the fifteenth day of June to the fifth day of August of the year 1885. She was married at the time, but separated from her husband. She alleges that about the first of July of that year the defendant stated that he had caught her and his hired man in the act of sexual intercourse; that she was known in Worthington, in the state of Minnesota, as a prostitute, and that she was a "bitch and whore." The defendant denies speaking the words alleged, and states in mitigation of damages that plaintiff is a woman of bad reputation, loose habits and virtue, and that at the time she worked at said lodge it was a matter of general rumor and report in the neighborhood that she and her employer were on intimate terms, and held sexual intercourse, and that these and several similar reports were

common and notorious in said neighborhood, and affected the general character of plaintiff there.

I. Several of the witnesses for plaintiff were asked on cross-examination whether they knew of rumors and reports in circulation in the neighborhood of Sampson's Lodge at the time in question in regard to the character of plaintiff for chastity. Answers to such questions were excluded on the objection of plaintiff. None of these witnesses had testified on direct examination as to the character of plaintiff, nor as to rumors and reports in regard to her. It is insisted by appellant that the questions were proper. Section 2682 of the Code provides that "no mitigating circumstances shall be proved unless pleaded, except such as are shown by, or grow out of, the testimony introduced by the adverse party." Where a party is required to plead a fact, it is incumbent upon him to prove it, and this should be done in accordance with the ordinary rules of practice. Nothing in the testimony of the witnesses referred to made the questions of defendant proper on cross-examination, and the answers thereto were rightly excluded. In *Barr v. Hack*, 46 Iowa, 310, a witness was introduced for the purpose of showing the good character of the plaintiff, and testified that his reputation was good so far as he knew. The reputation of a person is the opinion generally entertained of him by persons who know him, or the estimation in which he is held by them. This is indicated by what they commonly report or say; hence it was proper in the case cited, and so held, to inquire on cross-examination as to particular facts which tended to show that the reputation of plaintiff was not as stated by the witness. The case is in harmony with the views we now express.

II. Several witnesses testified in regard to hearing defendant make statements of the character of those in controversy. Appellant objected to some of this testimony, on the ground that it did not appear that such statements were made after the slanders alleged in the petition

1. SLANDER: character of plaintiff: cross-examination.

2. ——: evidence: other similar statements.

were uttered.   We think it sufficiently appears from the record that the conversations testified to by the witnesses took place at about the time of the alleged slanders, and it was, therefore, proper to permit them to go to the jury. 2 Greenl. Ev. sec. 418. The court instructed the jury at considerable length as to the purpose for which such evidence was admitted, and we discover no error in the rulings of which appellant complains.

III.   Defendant offered to show by six witnesses, who were named, that the employer of plaintiff "told some of them" that he had had sexual intercourse with plaintiff, and that others of said witnesses had seen plaintiff and said employer in the sexual act a number of times, and that all such acts of intercourse were commonly known and notorious in the neighborhood of Sampson's Lodge, and that plaintiff's general reputation for chastity and virtue had been affected thereby in that neighborhood.   Defendant also offered to prove by these witnesses "particular acts of misconduct" as above set out, "and general rumors therewith." To these offers plaintiff objected, and her objections were sustained   so far as they related to specific acts, and overruled so far as they related to general reputation for virtue and chastity.   Appellant complains of this ruling so far as it prevented proof of particular acts.   Notwithstanding this ruling, the record shows that evidence was offered by defendant and received to prove the matters claimed in the offers ; hence it might be said that the ruling, if erroneous, was without prejudice.   But we think that under the issues in this case proof of the specific acts named in the offer was rightly excluded.   Defendant does not claim that the statements he is said to have made were true, nor does he plead specific acts of sexual intercourse with the employer.   His defense, so far as material to the questions under consideration, consists of allegations to the effect that plaintiff is a woman of bad reputation for chastity ; and that, at the time she worked at Sampson's

*[margin note: 3. ——: general reputation of plaintiff : evidence of specific acts and rumors thereof.]*

Lodge, it was a matter of general rumor and common report that she and her employer held sexual intercourse. Defendant was permitted to prove the general reputation of plaintiff for chastity. Did the court err in not permitting him to prove the alleged rumors or reports? Evidence to prove the acts themselves was not admissible, because they were not pleaded, if for no other reason. Code, sec. 2682. Defendant does not, in his answer, claim that he believed the alleged rumors to be true at the time in question, nor even that he knew of them. The only purpose of proving them would be to mitigate damages by rebutting presumptions of malice. But if defendant did not know of them, or, if knowing of them, he did not believe them to be true, they could not affect the question of malice, and therefore would have been improper and prejudicial. 1 Hil. Torts, 394, note, 403, note; *Pease v. Shippen*, 80 Pa. St. 513; *Peterson v. Morgan*, 116 Mass. 352; *Lothrop v. Adams*, 133 Mass. 476. "General reputation of a particular act is not general reputation. It would be strange, if the truth of the act could not be admitted in evidence to mitigate, that the reputation could; that you should exclude the substance, and admit the shadow." *Fisher v. Patterson*, 14 Ohio, 425.

IV. Defendant asked a witness for the plaintiff the following question: "Were you ever convicted of a crime?" The district court sustained an objection to the question, and this ruling is assigned as error. Section 3648 of the Code provides that "a witness may be interrogated as to his previous conviction for a felony." But all crimes are not felonies; hence the question, as framed, was improper, and the ruling of the court in sustaining the objection was correct.

4. WITNESS: examination: conviction for crime.

V. Appellant complains that plaintiff was permitted to show that her reputation for chastity in the neighborhood of Spirit Lake was good. It appears that Sampson's Lodge is several miles from the town of Spirit Lake, and the

5. SLANDER: reputation for chastity: neighborhood

testimony for the defense as to the reputation of plaintiff for chastity was confined to the neighborhood of the lodge. It is insisted by appellant that the reputation of plaintiff at the town of Spirit Lake was immaterial. Under the issues in this case, evidence of the real character of plaintiff for chastity was material only as it affected the amount of her recovery. She spent but a few weeks at Sampson's Lodge, and resided in the town of Spirit Lake both before and after that time. The two places were not far apart, and it seems to us that the evidence as to her reputation in Spirit Lake was not only proper as tending to show her real character, but also as tending to rebut the evidence given on behalf of defendant.

VI. Appellant assigns as error the action of the district court in permitting counsel for plaintiff, while making an argument to the jury after the evidence had been submitted, to read to the jury, and comment thereon, a motion and affidavit filed by defendant at a former term to obtain a continuance. The comments of counsel seem to have been directed to the evidence expected to be furnished as alleged in the affidavit. The motion and affidavit for a continuance were a part of the record, and as such were a proper subject for comment. *Cross v. Garrett*, 35 Iowa, 486. We infer from the record that the acts of which complaint is made occurred in the opening argument, and hence that an opportunity to reply thereto was had by defendant. No abuse of the privilege to which counsel was entitled is shown therefore we conclude that the alleged error is not established.

6. PRACTICE : argument to jury : reading motion for continuance.

VII. Defendant moved the district court to retax the costs of certain witnesses, and assigns the overruling of the motion as error. The amount of costs claimed for these witnesses is not shown, nor does it appear that costs for them were taxed. Nor are any facts shown which would have made it the duty of the district court to tax costs for them to plaintiff. It is true that some of them gave no material evidence, but that fact does not show that they had not

7. COSTS : of unnecessary witnesses.

been properly required to attend the trial. It often happens that evidence which appears to be material in the preparation for trial becomes immaterial by reason of a change in the pleadings, or in consequence of some admission of the adverse party. In such a case it might be proper to tax the costs involved in procuring such evidence to the losing party, even though the evidence was not submitted. It is not shown that the ruling in question was erroneous.

VIII. Many objections are made and argued by counsel for appellant which it would serve no good purpose to mention in detail. It is sufficient for us to say that we have examined all of them, and find no prejudicial error. We conclude from our examination of this case that the defendant was given a fair trial, and that there is no good reason for disturbing the judgment from which he appeals.

AFFIRMED.