Brannum v. O'Connor.

## BRANNUM v. O'CONNOR.

1. **Instructions**: EVIDENCE TO WARRANT. Action on a note alleged to have been given to plaintiff to induce him to live with his wife, notwithstanding the fact that she was, without his knowledge, pregnant by another man at the time of marriage. The court instructed the jury as to their duty in case they found that the note was given by defendant "by reason of the woman having been brought up in his family." It was objected that there was no evidence warranting the instruction; but *held* that, while there was no direct evidence that the note was given for that reason, there was evidence (see opinion) from which the jury might reasonably infer that such reason was not without weight in inducing defendant to make the note, and that therefore the instruction was not erroneous on the ground urged.

2. **Promissory Note**: CONSIDERATION. A man, who innocently marries a woman found to be pregnant at the time of marriage by another man, is not bound to live with her (Code, sec. 2224), nor to support the child; and an agreement to do these things is a good and valid consideration for a note given him on account thereof.

3. **Practice**: ARGUMENT TO JURY: READING MOTION FOR CONTINUANCE. An affidavit for a continuance, when duly filed, is a part of the record in the case in which it is so filed, and it may be read to the jury and commented upon by counsel in argument (*Hanners v. McClelland*, 74 Iowa, 323; *Cross v. Garrett*, 35 Iowa, 486); and it may be so read and commented upon, although filed in another but cognate case in the same court, when the understanding is that it shall be treated as applying to both cases, and it is so treated

*Appeal from Mills District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 22, 1889.

PLAINTIFF seeks to recover the amount of a promissory note. Defendant alleges that it was made under duress, without consideration, and for an illegal consideration, and also pleads counter-claims. There was a verdict and judgment for plaintiff. The defendant appeals.

*A. R. Anderson* and *Stone & Gillilland*, for appellant.

*Jas. McCabe* and *S. McPherson*, for appellee

ROBINSON, J.—Plaintiff was married to a foster-daughter of defendant on the tenth day of October, 1886, and on the twenty-seventh day of March, 1887, she gave birth to a child. Plaintiff claims, and the evidence on his part tends to show, that defendant was the father of the child. Plaintiff first discovered that his wife was pregnant on the twenty-second day of December, 1886, and the note in suit was given to him by defendant on the thirty-first day of the same month. It is for fifteen hundred dollars, payable eight days after its date, with interest at ten per cent. after maturity. Another note for five hundred dollars was also given by defendant to plaintiff on the same day. Plaintiff claims that they were given in consideration of his promise to continue to

live with his wife, and to maintain the child. Defendant claims that they were given because of threats made by plaintiff to prosecute him criminally, and to take his life, and in consequence of an undue influence exercised over him by plaintiff. The counter-claims of defendant are based upon alleged slanders uttered by plaintiff, and upon an alleged assault and battery. The jury allowed defendant $617.50 on his counter-claims and returned a verdict for the amount due on the note after deducting the sum allowed defendant.

I. The court charged the jury as follows : "If you believe the facts to be that plaintiff's wife was pregnant by some person other than plaintiff at the time when he married her, and that he was ignorant of this fact at the time of the marriage, and that the defendant, either by reason of the woman having been brought up in his family, or by reason of his being the father of her child, was desirous that plaintiff should condone the said offense, and retain the woman as his wife, and maintain and provide for the child as his own, and the note in suit was made by defendant in pursuance of an agreement between plaintiff and defendant to the effect that plaintiff should retain the woman as his wife notwithstanding such pregnancy, and should maintain and provide for her child as his own, and that defendant should give to plaintiff the note in suit, this state of facts would show a good and legal consideration on plaintiff's part for the execution of the said note." It is contended by appellant that there is no evidence that he signed the note in suit "by reason of the woman having been brought up in his family," and therefore that the portion of the charge quoted is erroneous. No one testified in terms that the note was signed for the reason stated, but direct testimony to that effect was not necessary, if there was evidence which tended to show that it was in fact signed for a reason substantially as charged. A priest who had been consulted by plaintiff during the negotiations wrote a letter to defendant, which he offered in evidence, urging him to settle with plaintiff, and giving as one of

1. INSTRUCTIONS: evidence to warrant.

several reasons for his doing so that, as the woman had been adopted by him, the matter was on that account more terrible and scandalous, and for the sake of his relationship, and for other reasons, it should be settled, and not made public. There was evidence which tended in some degree to show that the reasons given by the priest as aforesaid were not without weight in bringing about a settlement between the parties. The facts of the case were such that the charge was not inapplicable, and we think there was no error on the ground that the evidence did not warrant it.

II.    It is insisted by appellant that the note is not supported by a sufficient and valid consideration, and

2. PROMISSORY note: consideration.

that the law in that regard was not correctly stated in the paragraph quoted. We are of the opinion, however, that the charge is not vulnerable to the objection made. The plaintiff was under no legal obligation to live with his wife under the facts disclosed by the evidence. Code, sec. 2224. He could not be compelled to maintain her child by another man. Therefore his agreement to do these things was a sufficient consideration for the note. It is said that the act and condition of the wife were condoned by the husband before the note was given, and therefore that it was without consideration; but appellant has not called our attention to any evidence which shows a condonation, and we are of the opinion that it has not been established. Moreover, the question of condonation does not seem to have been raised in the court below.

III.    Appellant complains of the action of the district court in permitting counsel for plaintiff to read to

3. PRACTICE: argument to jury: reading motion for continuance.

the jury an affidavit for a continuance made by defendant, and to comment thereon. It has been held that such an affidavit, when duly filed, is a part of the record of the case in which it was so filed, and that it may be read to the jury, and commented upon by counsel in argument. *Hanners v. McClelland*, 74 Iowa, 323, *Cross v. Garrett*, 35 Iowa, 486. It is claimed by appellant that the affidavit in question was not filed in this case, and therefore

that it was not proper to read and comment upon it. The fact appears to be that the affidavit was filed at a previous term of court in a case entitled Mary Brannum v. Thomas O'Connor, with the understanding that it should be treated as applying to this case, which was then pending in the same court, and that it was so treated. Appellant, in his motion for a new trial, states that it was filed in this cause. Under these circumstances we think the affidavit was properly treated as a part of the record of this case for the purpose stated. The judgment of the district court appears to be correct, and is therefore AFFIRMED.