### Jesus Prieto v. The State.

*No. 686.   Decided June 26th, 1895.*

**1.  Statement of Facts—Due Diligence to Obtain Same.**

See facts, stated in the opinion. Held: To show due diligence, on the part of appellant, to obtain a statement of the facts in his case.

**2.  Same—Practice on Appeal.**

A party convicted of crime and appealing his case, is entitled to have the evidence incorporated in the record on appeal, to the end that the questions, reserved by him on the trial, may be fairly revised; and when a failure to obtain a statement of the facts is not due to want of diligence on his part, the court, on appeal, will reverse the judgment of conviction.

Appeal from the District Court of Webb. Tried below before Hon. A. L. McLane.

Appellant, Jesus Prieto, Eugenio Benevides and Adolfo Gomez, were jointly indicted for fraudulently taking from T. E. Cole, in the State of Tamaulipas, republic of Mexico, 210 goat hides, of the value of 50 cents each, and which stolen hides they brought into Webb county, Texas. Jesus Prieto was alone put upon trial in this proceeding, and the trial resulted in his conviction, with punishment assessed at five years in the penitentiary. No further statement necessary.

*A. Winslow,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of bringing stolen property from the republic of Mexico into Texas, and prosecutes this appeal. A statement of facts proved upon the trial is not incorporated in the record. A reversal of this judgment is asked by appellant because of his failure to obtain such statement of facts. In this connection, he files the affidavit of A. Winslow, one of his counsel, stating that after his motion for new trial, and during the term of court at which he was

tried, he prepared "a statement of facts, and on the 19th day of February, 1895, did present said statement of facts to the District Attorney of said court, who represented the State in said cause upon the trial thereof, for his· examination and approval, which said statement of facts said District Attorney then and there received, but thereafter, to-wit: on the 25th day of February, 1895, he, the said District Attorney, returned , said statement of facts to affiant, stating at the time of so doing, that he could not agree to same; whereupon affiant then and there, to-wit: on the day and date last mentioned, and in the presence of said District Attorney, informed the judge of said court who sat upon the trial of said cause, that affiant and said District Attorney could not agree upon a statement of facts in said cause, and affiant then and there at the same time delivered said statement of facts to the judge of said court for his examination and approval; that said judge failed to approve said statement of facts so presented to him, and has failed to prepare and cause to be filed any statement of facts whatever in this cause." The court adjourned on the 2nd day of March, 1895. Under the showing made by this affidavit, it seems that appellant used all the diligence necessary on his part to obtain said statement of facts, and failed to obtain it. A party convicted of crime, appealing his cause to this court, is entitled to have the evidence proved on the trial incorporated in the record, to the end that his appeal and questions reserved for revision in such appeal, may be fairly revised. Where the failure to obtain such statement is not due to a want of diligence on his part, this court will reverse the judgment of conviction. It is a right that the accused should not be deprived of, when he desires to avail himself of its advantages. He was entitled to it under the circumstances of this case, as he has brought himself within the rules prescribed by the Legislature in such case. The judgment is reversed and cause remanded.

*Reversed and remanded.*