## A. C. BALDWIN v. THE STATE.

### No. 1457. Decided May 4, 1898.

**1. Libel—Information.**

It is not essential to the sufficiency of an information for libel to allege that the acts of defendant were libelous, nor that they were wickedly committed.

**2. Statement of Facts Not Filed or Approved—Diligence to Procure—Practice on Appeal.**

A purported statement of facts which has neither been approved by the judge nor filed by the clerk is entitled to and will receive no consideration on appeal, unless proper and sufficient diligence to obtain the same is shown by the affidavits of the parties. Statements as to diligence unsupported by affidavits are insufficient.

**3. Same.**

The statement by the judge, that he was informed by one of the attorneys that ' the statement of facts was filed with the clerk, and that said attorney requested him to approve the same, and that he intended doing so, but overlooked it, his time being taken up with other matters, does not show sufficient diligence to obtain a statement of facts.

**4. Libel—Information—Evidence of Publication.**

It is not necessary that an information for libel should have alleged its publication in a newspaper in order to admit evidence of its publication in a newspaper.

**5. "The Rule"—Placing Witnesses Under.**

The matter of placing witnesses under the rule is within the discretion of the court, and where, by unintentional omission, a witness was not placed under the rule, it is within the discretion of the court to permit him to testify, and such action will not be revised unless an abuse of discretion is shown.

**6. Libel—Evidence—General Reputation of Libellee.**

On a trial for libel, charging dishonesty of prosecutor, it is competent to prove the general reputation of the libeled party, but rumor and conversations in the community in regard to specific acts charged are not admissible either for the purpose of showing want of malice or in mitigation of the punishment. Such character of testimony is inadmissible for any purpose.

**7. Witness Under Convict Bond Incompetent.**

A party who had previously been convicted of the same offense, and who had not paid his fine and costs, but was under convict bond for its payment, is incompetent as a witness. Distinguishing Ex Parte Logsden, 35 Texas Criminal Reports, 56.

**8. Libel—Malice—Evidence.**

On a trial for libel, where defendant, in order to show a want of malice on his part, proposed to prove by the joint owner of the newspaper that said joint owner wrote the libelous article, and defendant only set the same in type; that joint owner

was mad with prosecutor; that defendant was not and has no malice against him; Held, the testimony was inadmissible.

**9.   Witness—Incompetency—Evidence—Record of Conviction.**

Where it is objected to the competency of a witness that he is under conviction for crime, the record is the best evidence of his conviction.

**10.   Exclusion of Evidence—Absence of Statement of Facts.**

In the absence of a statement of ·facts, it is imposssible for the court on appeal to determine, even if testimony was improperly excluded, whether or not it would be ground for reversal.

**11.   Libel—Charge on the Weight of Evidence—Absence of Statement of Facts.**

On a trial for libel, where the court instructed the jury, "If the libel be in printed form, and issues where a public newspaper is conducted or printed, the editor, publisher, and proprietor of such newspaper, or any one of them, is to be deemed guilty of making or circulating such libel until the contrary is made on the trial to appear;" Held, though in the language of the statute this charge would unquestionably be on the weight of evidence, it can not be held to be injurious in a case where there is no statement of facts.

**12.   Libel—Non-Defensive Matter.**

On a prosecution for libel, where it is shown that defendant was joint owner of the newspaper, that the article published was most abusive, denunciatory, and charged the prosecutor with crime, it was no excuse or defense for defendant, nor will he be permitted to shield himself from liability on the ground that·he protested against the publication, and that he only consented to set it up in type after his partner had agreed that he would assume all the responsibility for its publication.

APPEAL from the County Court of Travis. Tried below before Hon. A. S. WALKER, County Judge.

Appeal from a conviction for libel; penalty, a fine of $200.

A motion was made by the Assistant-Attorney General to strike the statement of facts from the record, because the same had not been approved by the trial judge, nor properly and legally filed in the lower court.

Appellant made a counter-motion for certiorari to perfect the record with regard to said statement, and the following papers were filed in response to the certiorari, viz:

"AUSTIN, TEXAS, April 27, 1898.—The statement of facts in case of State of Texas v. A. C. Baldwin, in County Court of Travis County, agreed to by counsel for both State and defendant, was filed with the clerk of the court within the required time, and attorney for State or defendant informed me of the fact and requested me to approve same. I intended doing so, but overlooked the matter, my time being taken up with other matters. Recently, when the matter was again called to my attention by Mr. Faulk, attorney for defendant, I approved the statement of facts, and hope the defendant will not be prejudiced in any right he may have by reason of the technical omission.

"A. S. WALKER,
"County Judge Travis County."

"*The State of Texas, County of Travis.*—In obedience to the writ of certiorari issued out of our honorable Court of Criminal Appeals on April

20, 1898, requiring me as clerk of the County Court of Travis County, Texas, to send up a perfect copy of statement of facts filed in cause No. 1457, A. C. Baldwin, appellant, v. The State of Texas, appellee, and with the consent and agreement of Henry Faulk, Esq., attorney for appellant, I, John W. Hornsby, clerk County Court Travis County, Texas, do certify that the statement of facts as embodied in the transcript now before your honorable court is a true and correct copy as the same appeared when the transcript was made out; that the same was deposited with me in due time; that I started to file same, when I discovered that the same lacked the approval of the county judge; that afterwards, under the impression that the same was in proper shape, and without further examination by me, the papers in the cause were handed to the typewriter, who completed the transcript; that the attorney, Henry Faulk, Esq., frequently inquired about the same or asked about the matter, inquiring and seeking the county judge, from which facts as I now can remember, I believe that he used due diligence to perfect the same; that I lost sight of the matter until April 19, 1898, when inquiry was made about the original, when I saw and noticed for the first time that the approval of the county judge thereto was lacking; that on April 20, 1898, the county judge approved the original statement of facts, and that I filed same as under said date.

"Witness my hand and the seal of the County Court, this the 27th day of April, A. D. 1898.

  [Seal]      "JNO. W. HORNSBY, Clerk C. C. T. C.
"By CHAS. HUPPERTZ, Dep."

The court on appeal it will be seen refused to consider the statement of facts, and so no statement of the evidence can be given.

Defendant's exceptions to the information, which were overruled, are set out in the opinion.

The special instructions which were requested for defendant and refused by the court were as follows, viz.: "Gentlemen of the jury, if you believe from the evidence that the defendant and one G. G. Guthrey were copartners in the publication of a newspaper containing the libelous matter charged in the information, and that same was published at the instance of Guthrey and others acting with him, against the will and over the protests and objections of the defendant, and if you further believe that this defendant personally entertained no malice against the prosecutor, J. D. Fields, then and in that event you will acquit the defendant.

"Gentlemen of the jury, you are instructed that unless you believe from the evidence that the defendant A. C. Baldwin *did,* with *malice* and *intent to injure* the reputation of J. D. Fields, make, write, publish, sell, or circulate a malicious statement affecting the reputation of said J. D. Fields, you will acquit the defendant and say by your verdict not guilty.

"A publication upon its face libelous is presumed by law to have been done with malicious intent; but this presumption may be overcome by evidence which directly contradicts the presumption, and if you believe

from the evidence that this defendant in so far as the publication was actuated by no malice to J. D. Fields, the prosecutor, you will find the defendant not guilty."

*Henry Faulk*, for appellant.—The court erred in not allowing appellant to prove the general reputation of J. D. Fields, the alleged libeled party. In every case of libel the jury are the judges of the law, the facts, and the intent, and in making up their verdict are to be governed by a consideration of the nature of the charge contained in the libel, the general reputation of the person said to be defamed, and the degree of malice exhibited by the defendant in the commission of the offense. White's Penal Code, art. 748; Leader v. State, 4 Texas Crim. App., 162-164.

The court erred in refusing to permit witness G. G. Guthrey to testify. When a county convict is hired by giving a hiring bond for fine and costs, and said bond is duly and legally accepted and approved by the county judge, the convict has paid to the county all fine and costs due by him, and is entitled to his liberty, so far as the county is concerned. Ex Parte Logsden, 35 Texas Crim. Rep., 56.

The court erred in each ruling as shown by bills of exception numbers 5, 6, and 7, in not allowing appellant to show that G. G. Guthrey, his co-defendant in this offense, had pleaded guilty to said charge, and had paid his fine and costs by hiring bond.

The court erred in refusing to give to the jury the charges asked by appellant.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of libel, and his punishment assessed at a fine of $200; hence this appeal.

Appellant made a motion to quash the information: "First, because said information fails to allege that the said acts of the defendant were libelous; second, said information fails to allege that the acts of the defendant were wickedly committed; third, that said information fails to allege any offense against the penal laws of the State." It is not necessary to allege the matters stated in the first two grounds of the motion. No special ground is pointed out under the third subdivision why said information is defective, and from an inspection of the same it appears to us that the information is good.

What purports to be a statement of the facts is found in the record, but it bears neither the approval of the judge nor the file mark of the clerk. The State, by the Assistant Attorney-General, moves to suppress and strike out the same. In reply thereto, to show diligence, appellant files what purports to be a statement by the county judge, and also a certified statement signed by Charles Huppertz, as deputy of John Hornsby, county clerk of Travis County. It has been held that diligence could be

shown, where the statement of facts was not filed in time, by the affidavits of parties. See Prieto v. State, 35 Texas Crim. Rep., 69; Bigham v. State, 36 Texas Crim. Rep., 452. But these statements are not supported by any affidavit. If, however, we take them as true, it does not show diligence on the part of the appellant. The statement by the judge shows that the attorney for the State or defendant informed him that the statement of facts was filed with the clerk of the court within the required time, and requested him to approve the same; that he intended doing so, but overlooked it; that his time was taken up with other matters. This course does not seem to be contemplated by the statute, which requires "that when a statement of facts has been agreed upon by the attorneys, that the same shall be submitted to the judge, who shall, if he find it correct, approve and sign it, and the same shall then be filed with the clerk;" evidently requiring that the appellant shall make his submission to the judge, and, after the approval he shall file the same. This was not a case where the parties failed to agree upon a statement of facts, and submitted their respective statements to the judge, who is then required to make out a statement of the facts, and himself file the same. See Bigham v. State, 36 Texas Crim. Rep., 453. Appellant did not use diligence to have the statement of facts approved and filed; hence we can not consider the same as any part of the record.

Appellant objected to the testimony of J. D. Fields, to the effect that he thought the libelous article referred to him, because in the same issue of the paper there was an editorial referring to the same, and mentioning his name. This was objected to, on the ground that the testimony showed that it was published in a newspaper, and there was no allegation in the information that it was published in a newspaper, and because Fields had been present in the courtroom while some of the State witnesses had been examined, and the rule had been invoked as to the witnesses. With regard to the first contention, it was not necessary for the information to have alleged the publication to have been in a newspaper in order to have admitted proof of the publication in a newspaper. The matter of placing witnesses under the rule is within the discretion of the court, and where, by unintentional omission, as shown in this case, the witness was not placed under the rule, it is within the discretion of the court to allow such witness to be introduced, and the bill does not show that the discretion of the judge was abused in this instance.

Appellant also complains that the court refused to permit him to prove by several witnesses that J. D. Fields, the alleged libeled party, had borne the general reputation among his neighbors and the community in which he lived as set out in the alleged libelous article; and the bill claims that each of said witnesses would have testified that they had known the prosecutor, Fields, for a number of years, and they knew it to be the rumor and conversation in the neighborhood and the report of the entire community that Fields had been guilty of robbing the Farmers' Alliance of $5000, as well as each and every accusation and statement set out in the information and alleged libelous article, and that said accusations and

reports were the common gossip and conversation of the community long before this defendant ever lived in Travis County. Defendant claims that this evidence should have been admitted for the purpose of showing that he had no malice towards the alleged libeled party, and in mitigation of any punishment the jury might inflict, if they found him guilty. It is permissible, in trials of this character, to prove the general reputation of the alleged libeled party. See Penal Code, art. 748, and 13 Am. and Eng. Enc. of Law, p. 493, subd. b, note 7 thereto. For instance, in this case, if we look to the information, it alleged that appellant charged the prosecutor, Fields, with dishonesty; and he could have proved that he bore the general reputation in the community in which he lived as being a dishonest man. However, by looking at the bill, it will be seen that it was not general reputation appellant desired to prove, but rumor and conversation in the neighborhood in regard to the specific acts charged. This character of testimony was not admissible. See 13 Am. and Eng. Enc. of Law, p. 494, note 1, and authorities there cited; Hanners v. McClelland, 74 Iowa, 318, 37 N. W. Rep., 389.

Appellant desired to introduce G. G. Guthrey as a witness on his behalf, to prove by him that he wrote the libelous article, and that same was published in the State Democrat, a newspaper, the same being the joint property of appellant and Guthrey; and that appellant had nothing to do with the writing of said article, but only set it up in type; and that said Guthrey was mad and angry with Fields, but appellant had no malice against Fields. The State objected to this witness on the ground that he had been convicted of the same offense, and had not paid the fine and costs, it being shown that he was then under a convict bond for the payment of the same. We think he was disqualified as a witness. He was still in custody working out his fine and costs. The fine was not paid, and, if he had escaped before the maturity of the bond, he could have been rearrested, placed in jail, and the bondsmen released. This is not like the case of Ex Parte Logsden, 35 Texas Criminal Reports, 56. Moreover, the testimony offered was not admissible. The bill shows that appellant was part owner of the paper, and set the type in which the article was printed; and he certainly was liable, although he may not have had anything to do with the writing of the article. It is not necessary to notice the bill with reference to the character of the testimony on which the judge predicated his exclusion of the witness Guthrey. We take it, however, that, when the witness was offered, it is not competent for the court to exclude his testimony, unless the State had offered the record of his conviction; but the question is not presented in that shape in the bill.

The appellant placed the judge on the stand, and desired to ask whether or not the witness Guthrey had pleaded guilty before him as county judge. The court excluded this testimony, on the ground that the record of his conviction was the best evidence. If appellant had insisted on the right of his witness to testify unless the State had confronted him with the conviction, he would have been in a better condition. But, as stated before, the testimony of the witness Guthrey, if he had been allowed to testify,

was absolutely immaterial. We would observe, with reference to the exclusion of evidence, that, in the absence of a statement of facts, we are unable to decide, even if the testimony was improperly excluded, as to whether or not it would be ground for reversal. The testimony may have been overwhelming, and the excluded testimony in such case would amount to nothing.

We have examined the charge of the court, and, in our opinion, it is correct. Appellant complains of subdivision 4 of the charge, which is as follows: "If the libel be in printed form, and issues where a public newspaper is conducted or printed, the editor, publisher, and proprietor of such newspaper, or any one of them, shall be deemed guilty of making or circulating such libel, until the contrary is made on the trial to appear." In some cases this would unquestionably be a charge on the weight of the testimony, notwithstanding it is in the language of the statute. But the statement of facts is not before us, and we are unable to tell whether the charge was of a character calculated to injure the rights of the appellant. The statement of facts may show overwhelmingly that appellant avowed and admitted that he participated in the publication and circulation of said article. The special charges requested by appellant were not called for. The article in question was very abusive and denunciatory of the prosecutor, Fields, charging upon him matters that were criminal offenses, as theft, embezzlement, etc.; and appellant could not shield himself on the ground that he protested against their publication. He was not compelled to set the type, and his duty as a good citizen was simply to refuse to have anything to do with the publication of said article, and not to agree to the same under any kind of suggestion from his partner that he would assume the responsibility, etc. This shows that he knew the publication of said article was wrong, and that he stipulated for an indemnity before he would consent to its publication. The charge of the court given at the request of appellant to the effect that, before they could convict appellant, they must believe that he did maliciously, with intent to injure the reputation of defendant, J. D. Fields, make, write, print, publish, sell, and circulate malicious statements affecting the reputation of the said J. D. Fields, etc., was all that was necessary in addition to the general charge given by the court on the subject. There being no errors in the record, the judgment is affirmed.

*Affirmed.*