## TOM WATSON v. THE STATE.

### No. 3281. Decided October 18, 1905.

#### 1.—Assault with Intent to Murder—Evidence—Qualification of Witness—Fine and Costs—Sheriff.

On a trial for assault to murder there was no error to exclude the testimony of a codefendant who had been convicted of aggravated assault but had not paid his fine and costs at the time he was offered as a witness, but had been discharged by the sheriff on the verbal promise of a friend who promised the sheriff to pay said fine and costs, the sheriff having no authority to take such promise, either verbal or in writing.

#### 2.—Same—Charge of Court—Issue Involved.

Where on trial for assault to murder, the evidence showed that in shooting the party alleged to have been injured, the defendant also hit another party, the court correctly charged that if the jury believed from the evidence that defendant could not be convicted for assaulting the party alleged to be injured, they could not convict him for shooting another not alleged in the indictment; and there was nothing in the criticism that the court's charge did not properly protect defendant on this phase of the case.

Appeal from the District Court of Burleson. Tried below before Hon. Ed. R. Sinks.

Appeal from a conviction for assault with intent to murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*McIver & Bowers,* for appellant.—On question of exclusion of testimony of codefendant: Baldwin v. State, 45 S. W. Rep., 714.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was awarded eight years in the penitentiary for assault with intent to murder. This difficulty occurred over the fact that appellant was intimate with the wife of the assaulted party, Carroll. Carroll had undertaken to induce his wife to return and live with him, and leave appellant. This she declined, and they continued to live together. Appellant went into the field where the parties were picking cotton, and the shooting began. The State's theory, supported by the testimony of Alf Carroll and some other witnesses, is to the effect that when Carroll approached appellant and Carroll's wife in the field, appellant began shooting at him, firing three shots, when Carroll fired one and fled, pursued by appellant and a companion. They chased him to the house of an Italian nearby, where appellant seized a shot gun and fired upon Carroll, striking him and one of the lady members of the family residing at the house. Appellant's theory of the case is, that Carroll approached him in the field and fired three shots at him, and that he fired once, and his companions joining him they followed Carroll to the house of the Italian, fearing that Carroll would secure a gun and return and kill him. He denied shooting at Carroll at the house. Appellant and Lewis Grant were indicted; Grant was convicted of aggravated assault and appellant of a felony. During the trial appellant offered the testimony of Lewis Grant to prove facts corroborative of the testimony introduced, showing his side of the difficulty and that he was fired upon by Carroll instead of having first fired upon Carroll. The State objected to Grant testifying because of his conviction and failure to pay the fine and costs. This was met by appellant with a statement showing that Grant had made an arrangement with the sheriff, through the verbal promise of a friend, to discharge the amount of the fine and costs; that in fact, however, the fine and costs had not been paid. The court sustained the objection, and correctly. Baldwin v. State, 39 Texas Crim. Rep., 245; Woods v. State, 26 Texas Crim. App., 490. The sheriff had no authority to release Grant upon the verbal promise of another party to pay Grant's fine and costs. Even a written promise by a third party to pay the fine and costs under such circumstances is not authority for discharging the prisoner. The sheriff has no authority to take such

promise, either verbal or in writing. Clark v. State, 3 Texas Crim. App., 338; Ex parte Wyatt, 29 Texas Crim. App., 398.

There is a criticism to the effect that the court erred in not charging the jury, that the appellant was on trial only for shooting Alf Carroll, and if the evidence did not support this allegation, then the jury could not convict him for living with or carrying off Alf Carroll's wife. There was no possibility of the jury convicting. appellant upon this theory. It could not have been an issue upon which to convict under the indictment. The court gave this charge: "The defendant is on trial charged with shooting Alf Carroll, only, and if you do not believe the evidence sufficient to convict him under that charge, you cannot convict him for shooting the Italian girl." This charge was given to protect defendant against the evidence found in the record to the effect that in shooting Alf Carroll with the shot gun he also shot the Italian girl. This charge directed the jury's attention to the fact that they could only convict appellant for shooting Carroll.

There were two theories suggested by the evidence, as previously stated. It is contended that the evidence is not sufficient. Under the State's theory we think it is. The judgment is affirmed.

*Affirmed.*