## THE STATE OF IOWA v. McCOMBS.

1. WAIVER BY APPEAL. An appeal from the judgment of a Justice of the Peace in a criminal action is a waiver of irregularities in the trial below, the cause standing in the District Court for a trial *de novo* upon its merits.

2. SAME: PRESUMPTIONS. When the record discloses that in the trial before the justice, the defendant was present, and asked for a jury, a plea of not guilty is presumed, if the justice failed to enter it upon his docket.

3. SAME: SUPPLIED IN THE DISTRICT COURT. In such cases the District Court may, under § 3928 of the Revision of 1860, order a plea of not guilty to be supplied as an apparent omission on the face of the record.

4. INSTRUCTIONS. Written instructions read and delivered to the jury as the instructions of the court should be so considered by the jury, though they are not signed by the judge; and the appellant cannot complain of the failure of the judge to sign instructions given when they are made a part of the record by bill of exceptions.

5. VERDICT. The words "as charged in the indictment," after the words in a verdict on a trial on information, "We the jury find the defendant guilty," are mere surplusage.

*Appeal from Keokuk District Court.*

THURSDAY, JUNE 17.

THE material facts are stated in the opinion of the court.

*Mackey & Harned* for the appellant.

*C. C. Nourse*, Attorney General, for the State.

BALDWIN, C. J. — The defendant was tried before a justice of the peace, upon an information charged with an assault and battery. Being found guilty and fined, he appealed. Trial was had in the District Court with the same result.

Several errors are assigned, which strike at the irregularity of the proceeding before the justice, such as the failure upon the part of the prosecution to have the information read to defendant, or a plea of not guilty to be entered of record by the justice.

These questions were all waived by the appeal, and the cause stood for a trial *de novo* upon its merits in the District Court. Revision, § 5100. It appears that the defendant was present at the trial, also that he asked for a continuance, and moved for a jury. Under these circumstances, a general denial will be presumed to have been made, and the failure of the justice to enter the plea of not guilty upon his docket could work no prejudice to defendant.

The District Court directed a plea of not guilty to be entered after the cause was appealed, and of this order the defendant complains. We think this objection is met by a reference to § 3928 of the Revision, wherein it is provided that when there are errors or omissions apparent on the face of the record, the court may disregard them, or order the same to be supplied; also, § 5101 provides that no appeal from a judgment of the justice of the peace in a criminal cause shall be dismissed. The court is therefore compelled to direct such plea to be made, and the trial to proceed upon its merits.

It is further objected by the defendant, that the court failed to sign the instructions asked by the defendant, as he is required to do under the provisions of §§ 4813 and 4814 of the Revision. It appears from the record that the instructions given by the court in his charge to the jury, were signed by the judge, but that those asked by the defendant, and modified by the court, were not so signed. They, however, were read to the jury, and were placed in their hands, and directed by the court to be considered as given. The design of these provisions of the Revision is, that when instructions are so signed and filed, they become a part of the record of the case without being embraced in a regular bill of exceptions. The instructions are neither more nor less binding upon the jury, if signed or not signed by the judge. If they are written out in full, and read to the jury, and passed to them as the instructions of the

court, it is the duty of the jury to consider them    If the defendant had been unable to have the instructions thus modified, made a part of the record of the case, he might have had some cause of complaint; but by his bill of exceptions signed by the court, he has accomplished the same end that could have been attained by having the instructions signed by the judge, and filed with the clerk.

The words as "charged in the indictment" after the words "we the jury find the defendant guilty" are mere surplusage, and do not affect the rights of the defendant.

Affirmed.