## THE STATE v. McEvoy.

1. **Criminal Law**: JUSTICES' COURTS: CHANGE OF VENUE: CAUSE NOT SENT TO NEXT NEAREST JUSTICE: ERROR WAIVED. Where a change of venue is granted in a criminal cause pending before a justice of the peace, the fact that the next nearest justice is a material witness for the defendant is no reason why the cause should not be sent to him, as required by § 4671 of the Code. But where the defendant induced the justice before whom the cause was pending to adopt a different view, and to send the cause to a more distant justice, and submitted without objection to a trial before such justice, and then took an appeal from the judgment of conviction rendered by such justice, *held* that it was too late for him to object to the jurisdiction of such justice.

*Appeal from Osceola District Court.*

THURSDAY, MARCH 18.

AN information was filed before a justice of the peace, in which the defendant was accused of the crime of keeping intoxicating liquors with intent to sell the same contrary to law. Defendant was arrested, tried and convicted of the crime, and a judgment imposing a fine was entered against him. From that judgment he appealed to the district court. The proceedings in that court resulted also in a judgment

against him imposing a fine, and from that judgment he appeals to this court.

*P. R. Bailey*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The information was filed originally before J. W. Morrison, justice of the peace. When the defendant was brought before the justice he filed a motion for a change of venue, on the alleged ground that the justice was so prejudiced against him that he could not obtain a fair and impartial trial before him. It was also alleged in the affidavit filed by defendant in support of his motion that E. Huff, the next nearest justice to Justice Morrison, was a material witness in the case for defendant, and that D. D. McCullum, the mayor of the town of Sibley, was an attorney in the case for defendant. The motion was sustained, and the cause sent to Justice Blood, of Gilman township, and the trial was had before that justice.

The record shows that the order sending the cause to Justice Blood was made with the consent, and at the request, of defendant. When the cause reached the district court defendant filed a motion to strike it from the docket on the ground that the justice who rendered the judgment appealed from had no jurisdiction of the cause. He also sought to raise the same objection by a demurrer. But the motion and demurrer were overruled, and the only question presented by the record is as to the correctness of this ruling.

The position of counsel for defendant is that the fact that Justice Huff, who was the next nearest justice to Justice Morrison, was a material witness for defendant did not disqualify him to try the case, and did not afford any legal grounds for sending it to a justice living at a greater distance from the justice before whom the action was brought than he did; and hence, as it was the duty of that justice to send the papers and records in the case to the next nearest justice to

whom no legal objection was shown, and therefore, Justice Blood, to whom it was sent, did not acquire jurisdiction, and his orders and judgment in the case, for that reason, are void. The premises will be conceded. No legal ground was shown for sending the cause to Justice Blood instead of to Justice Huff. See Code, § 4671. But it does not follow that the former did not have jurisdiction. Defendant alleged, as a reason why the cause should not be sent to Justice Huff, that he was a material witness, and claimed that this afforded a legal ground for sending it to another justice. He induced Justice Morrison to adopt that view, although it was erroneous, and when the cause was ordered to be sent to Justice Blood he not only consented to the order, but requested that it be made, and at no stage of the proceedings before the appeal to the district court did he make any question as to the jurisdiction of that justice to try the cause. We know of no legal ground upon which he can now be permitted to question the jurisdiction of the justice. Justice Blood had jurisdiction of the subject-matter of the action. All that can be claimed is that he did not acquire jurisdiction of the person of the defendant in the particular mode prescribed by the statute. But defendant might waive his right to be brought to trial on the charge in that particular manner, and we think he did waive it when he requested and consented that he be taken before Justice Blood for trial. He also waived the question by appealing from the judgment. The appeal brought the case into the district court for trial on its merits, and it was the duty of the court to disregard all merely technical errors or defects in the proceedings which did not prejudice the substantial rights of the parties. Code, § 4702; *State v. McCombs*, 13 Iowa, 426.

The judgment of the district court will be .

AFFIRMED.