[No. 4008.]

BROWN McCANDLESS v. THE STATE.

DISTURBING THE PEACE.—CHARGE OF THE COURT instructed the jury as
follows: " When the natural and legitimate consequences of obscene or
vulgar language, or of cursing or swearing, would be to disturb the in-
habitants of a place, then you are instructed that, in law, it would be
used in a manner calculated to disturb the inhabitants of such place."
*Held*, that the charge was error, because it was an invasion of the pro-
vince of the jury. An exception having been promptly saved, the erro-
neous charge necessitates a reversal of the judgment.

APPEAL from the County Court of Bosque. Tried below before
the Hon. R. G. Childress, County Judge.

The conviction in this case was for disturbing the peace by
loud talking, cursing and swearing, and the penalty imposed by
the jury was a fine of five dollars.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    In the charge of the court the following
instruction occurs: " When the natural and legitimate conse-
quences of obscene or vulgar language, or of cursing or swear-
ing, would be to disturb the inhabitants of a place, then you are
instructed that in law it would be used in a manner calculated
to disturb the inhabitants of such place."    This instruction the
defendant promptly excepted to, and we are of the opinion that
the exception is well taken.

It was a question of fact for the jury to determine, from the
evidence, whether the language of the defendant was calculated
to disturb the inhabitants of the place.    There is no such rule of
law that we are aware of as that expressed in the instruction
quoted.    It would be a proper deduction of fact for the jury to
adopt if, in their judgment, the evidence warranted it.    We
think the instruction invaded the province of the jury.    The
jury should have been left untrammeled, to determine from
the evidence, whether the language used by the defendant, and

the manner of its use, were calculated to disturb the inhabitants of the public place where the same was used. (Lumbkin v. The State, 12 Texas Ct. App., 341.)

We find no other error in the conviction, but for this error in the charge, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*