THE STATE OF IOWA, Appellee, v. W. H. HARDING,
Appellant.

Practice in Criminal Cases: ORAL INSTRUCTIONS.   The defendant
was indicted for an assault with intent to commit murder.   After
the jury had deliberated upon their verdict, they returned into
court and requested further instructions.   Thereupon the court
questioned the jurors as to their points of difference, and orally
instructed them as to the difference between an assault with
intent to commit murder and an assault with intent to commit
manslaughter ; which instructions were taken down in shorthand
by the reporter, and, upon the notes being extended, were deliv-
ered to the jury.   Before the jury received said instructions in
writing, however, they had agreed upon a verdict, but were
directed to wait for the written instructions.   After the instruc-
tions were received in writing by the jury, and after the same had
been read, a vote was taken, and the verdict previously found
adhered to.   *Held*, that the action of the court was contrary to
the provisions of Code, sections 4420, 4440 and 4441, requiring that
instructions to the jury in criminal cases be in writing.

*Appeal from Washington District Court.*—HON. D.
RYAN, Judge.

THURSDAY, JANUARY 22, 1891.

THE defendant was indicted for assault with intent to commit murder. There was a verdict for an assault with intent to commit manslaughter, and, from a judgment thereon, the defendant appealed.

*Dewey & Eicher* and *E. W. Tatlock*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GRANGER, J.—After deliberating more than eighteen hours, the jury sent to the court the following: "There are two men that will not vote guilty on the second count, but say that, if you will send them written instructions, that such a verdict will be in accordance with the evidence and your instruction, that they will so vote." The jury then came into court, and from questions by the court it learned that at least some of the jurors had not a clear idea of the distinction between an assault with intent to murder and an assault with intent to commit manslaughter, and the court, with considerable particularity, orally explained to them the difference, at times pausing to ask if all understood it, and, upon questions or suggestions by jurors, the court would explain further. The instructions, as orally given to the jury, were taken in shorthand by the reporter, and at the conclusion of the instructions (orally) the court said to the jury: "I will have this extended so that you may have the benefit of it." It then appears from the record that the jury was directed to retire for deliberation, and at once agreed upon a verdict (the one returned), and instructed the bailiff in charge to inform the court. The court, through the bailiff, directed the jury to wait for the written instrucsions. That, about an hour after the verdict was agreed upon and signed, the written instructions were received, read, and, by a vote, the verdict previously found was adhered to. Complaint is made of this action by the court.

Code, section 4420, fixes the order of trial in criminal cases, and, after argument by counsel to the jury, it provides: "*Seventh*. The court shall then charge the jury in writing, without oral explanation or qualification." Code, section 4440, is as follows: "The court shall, on motion of either party, instruct the jury on the law applicable to the case, which must always be in writing, signed by the judge, and filed with the clerk, and so marked by him, and it is to be deemed a part of the record of the cause, and no oral qualifications thereof shall be permitted." Section 4441 provides for the asking, in writing, of instructions to be given by the court, and that it may qualify such instructions "in writing, * * * but not orally." It seems to us that the legislature has attempted, with much particularity of expression, to prevent the giving of oral instructions in criminal cases. In fact, it is not contended in the case but that written instructions are what the law contemplates, but it is urged that subsequently reducing the instructions to writing, and furnishing them to the jury, obviates any objection because of the manner of first stating them; that, after they were written, and given to the jury, they became a part of the original instructions given by the court. But the suggestion leaves out of view what, to us, is a very significant fact in the case, and that is, that the jurors, being in such a situation as to their views of the case, that they could not agree, sought instructions from the court, which were given orally, and in explanation of other instructions, and, with deliberation under such oral instructions, found their verdict. Whether or not instructions orally stated, and afterwards furnished to the jury, in writing, before deliberation, would be a substantial compliance with the law, under the facts of this case, it is not important to decide. But that the law contemplates that the deliberations of the jury, under instructions of the court as to the law that is to guide it to a conclusion, shall be in writing, there is no reasonable ground to doubt.

It is true that, before the verdict was returned into court, the written instructions were handed to the jury, and it read them, and again agreed to the verdict it had prepared, but that would not cure the defect. It had before reached, the conclusion, without the written instructions, and it then agreed not to change it. In *State v. McCombs*, 13 Iowa, 426, and *State v. Stanley*, 48 Iowa, 221, this court held that the law requiring the judge to sign the instructions was directory, and refused to reverse for a failure to do so, because it was without prejudice. It is urged that the same rule should apply to the departure from the requirements of the law in this case. But how different the requirements as pertaining to the jury. The signature is only to authenticate the instructions, and is of value only when they are afterwards made a part of the record. See *State v. McCombs*, *supra*. The instructions, apart from the signature, are for the consideration and guidance of the jury, and we must believe that the design of the law was that written instructions would furnish an added certainty of their being understood and followed. In a civil action it is error to orally explain or modify an instruction asked by either party, and equally so for the court, on its own motion, to charge the jury verbally. *Head v. Langworthy*, 15 Iowa, 235. In Kansas, under a statute of like effect in civil cases, where the court instructed orally, and the shorthand reporter's notes were extended and delivered to the jury after retiring, the action of the court was held to be reversible error. *Rich v. Lappin*, 23 Pac. Rep. 1038. The difference in the statutes of the two states, so far as material, is that the law of Kansas required the court to instruct in writing, "if requested by either party," and in this state the law makes the requirement. It does not appear in that case that the jury had deliberated before receiving the extension of the reporter's notes. If we are to say in this case that the departure is without prejudice, where shall the line between written and oral instructions be drawn? With such a holding, could

we say, in a case where the entire body of the instruc-
tions were oral, but furnished to the jury after agree-
ment, and read, and the verdict as found adhered to,
that the departure was prejudicial? With what better
practical effect could we say there was prejudice, if no
written instructions were furnished? The manifest
purpose of the law is so plain as to forbid that we
should open the door for such queries in future adjudi-
cations. We should probably say that there is reason
to believe that the district court did not intend that the
jury should proceed with its deliberations before receiv-
ing the written instructions. Its judgment must, how-
ever, be REVERSED.