ED HARKEY V. THE STATE.

No. 397.    Decided February 17.

**1. Disorderly House—Reputation—Cross-Examination of Witness.**—On a trial for keeping a disorderly house, the general reputation of the house and character of its occupants may be proved; and when a witness has testified that such general reputation was that the house was a disorderly house, it is proper to ask him, on cross-examination, "if he knows what a disorderly house is," in order to ascertain if the witness knew what he was testifying about.

**2. Same—Verbal Charge.**—In a misdemeanor case a verbal charge can only be given by consent of the parties (Code Crim Proc., art. 682), and it is clearly erroneous to give such charge over objection of the defendant. See charge. *Held*, not only obnoxious to these objections, but also to the objection that it was upon the weight of evidence.

APPEAL from the County Court of Hill.    Tried below before Hon. W. P. CUNNINGHAM, County Judge.

This appeal is from a conviction for keeping a disorderly house, the punishment being assessed at a fine of $200.

No statement necessary.

No briefs have come to the hands of the Reporter.

SIMKINS, JUDGE.—Appellant was convicted of keeping a disorderly house, and his punishment assessed at $200, from which he appeals.

1. The witness Kirkpatrick, having testified that he "was acquainted with the general reputation of appellant's place as a disorderly house," was asked by defendant if he knew what a disorderly house was; but the question was excluded by the court on the ground that the witness was illiterate, and that lawyers must not put the dictionary to the witness.    We think the question was a proper one.    There is no question that a house may be proven to be disorderly by general reputation of its being kept for purposes of prostitution (Allen v. The State, 15 Texas Crim. App., 322; Stone v. The State, 22 Texas Crim. App., 190), and it may also be shown by general reputation of the character of the women residing at or frequenting the house. Sylvester's case, 42 Texas, 496; Allen v. The State, 15 Texas Crim. App., 322; Downs v. The State, 23 So. W. Rep., 684.    But where the witness simply testifies to its reputation of being disorderly, it does not preclude a cross-examination to ascertain if witness knew what he was testifying about.

2. In charging the jury, the court, over appellant's objection, read to them the article of the Penal Code relating to the keeping of a disorderly house and the punishment therefor, and then verbally instructed the jury as follows: "Gentlemen, if you believe from the

evidence, beyond a reasonable doubt, that the defendant owned that house, rented that house, or leased that house, you will find the defendant guilty and assess his fine at just $200." The charge was given over the objection of appellant, and the exception duly reserved in a bill of exceptions approved without comment. The objections are well taken. The court has no right to verbally instruct the jury not only without the consent of appellant, but over his objection (Code Crim. Proc., art. 682; Willson's Crim. Stats., sec. 2359); and, in the second place, the court in effect instructed the jury that the evidence was amply sufficient to show the house was disorderly. The only question they had to decide was the connection appellant had therewith. The charge was clearly on the weight of evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.