George Halley, Appellant, v, George Tichenor, Appellee.

Motion: EVIDENCE. A motion for continuance may be offered and read in evidence.

Assignment of Error: APPEAL. An assignment of error not argued will not be considered on appeal.

Statement of Court: REVIEW ON APPEAL. An objection to a remark of the court to which no exception was taken will not be reviewed on appeal.

Assignment of Errors: REVIEW. An omnibus assignment of several errors will not be reviewed.

Reputation: EVIDENCE. A question calling for the general reputation of plaintiff in the community where he lives, is proper.

Instructions: FAILURE TO SIGN. Failure of the trial judge to sign his instructions in a civil case does not constitute reversible error.

Damages: INSTRUCTION. In an action for damages for an assault, where there is no evidence of the physician's charges or the value of time lost, an instruction that no damage should be allowed on account thereof, is proper.

Damages: INSTRUCTION. In a suit for damages for an assault, an instruction based on sufficient evidence that if defendant attempted to ride his horse upon or against plaintiff, whereupon defendant, acting as a reasonable man, armed himself with a stick to ward off the attack, and thereby plaintiff's horse was frightened and he received the injuries complained of, then defendant is not liable for damages, is correct.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, APRIL 11, 1903.

ACTION to recover damages for an assault and battery. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*J. F. Martin* and *H. M. Funson* for appellant.

*Geo. W. Dyer* and *E. H. Addison* for appellee.

DEEMER, J.—During the trial, defendant introduced and read in evidence a motion and affidavit for a continuance filed by plaintiff at a previous term of court. This was objected to, but the objection was overruled; the court remarking that "the Supreme Court says it is in evidence and it can be read." This ruling was correct. *Cross v. Garrett,* 35 Iowa, 480; *Asbuch v. C. B. & Q. R. R.,* 86 Iowa, 101.

II. A witness was not permitted to answer a question as to whether or not plaintiff made complaint of pain. The ruling is not argued, and we need not give it further attention.

III. A leading question was asked a doctor, to which defendant objected. The court remarked "the doctor ought to be able to tell without being asked questions and without telling him." There was no error in the remark, and, if there were, plaintiff took no exception thereto.

IV. One omnibus assignment of error attempts to call in question several rulings made by the trial court with

reference to this doctor's evidence.   On account of the form of the assignment, we shall not consider these rulings.

V.   Complaint is made of a ruling on a question propounded to a witness, for the purpose of showing plaintiff's general reputation.   The question called for the witness' knowledge of reputation in the community where plaintiff at the time resided and was proper.   *State v. Grinden*, 91 Iowa, 505, relied upon by appellant, is not in point.

VI.   The trial judge did not sign his instructions. The statutes nowhere provide that he should in a civil case, and, even if they did, his failure to do so would not constitute reversible error.   Such requirement is generally held to be directory only.   *State v. McCombs*, 13 Iowa, 426; *State v. Stanley*, 48 Iowa, 221.

VII.   The court instructed that as there was no evidence of any charges made by the physician who treated plaintiff, and no evidence as to the value of time lost, no damages should be assessed on account of either of these items.   The instruction was correct, provided the assumption as to the facts is true.   We have examined the record, and find no evidence as to physician's charges.   But if there had been evidence on these points, the instruction, even if erroneous, was without prejudice, in that it related simply to the measure of damage, and the jury found that plaintiff was not entitled to recover anything.

VIII.   The instruction with reference to defendant's right of self-defense is complained of, not because of the propositions of law announced, but because there was no evidence to justify it.   There was testimony to the effect that plaintiff attempted to run over the defendant with a horse which he was riding.   This, taken with other testimony introduced by plaintiff, was sufficient to justify the court in instructing as it did on this issue.   We have, perhaps, stated the instruction too broadly.   It is not, strictly speaking, one relating to self-defense.   We here copy it, in order that our conclusion may be the more readily

understood. It is as follows: "If plaintiff attempted to ride his horse upon or against the defendant in the highway, and thereupon the defendant, acting as a reasonable man, armed himself with a stick or similar weapon for the purpose of defense against such threatened injury, and that such movement on his part had the effect to frighten plaintiff's horse, and thereby plaintiff was injured, then defendant would not be liable for damages so inflicted." The defendant denied striking plaintiff, and claimed that the injuries he received, if any, were due to the frightening of plaintiff's horse, and that he was not responsible for this fright, in that plaintiff brought about the condition. The instruction was clearly correct.

An instruction with reference to the weight to be given an impeached witness' testimony is complained of. It was correct as far as it went. If plaintiff desired a more explicit one, he should have asked it.

IX. Lastly it is argued that the verdict is without support in the evidence. The testimony is conflicting, and, under well known rules, we cannot interfere.

The judgment is AFFIRMED.

WEAVER, J., taking no part.