THE STATE OF NORTH DAKOTA v. HORACE G. RUSSELL.

Opinion filed June 24, 1909.

### Criminal Law — Jurisdiction of Police Magistrates — Waiver of Objection.

Whether a police magistrate of a city in a county wherein the county court has been given increased jurisdiction still retains jurisdiction to try and determine charges of misdemeanor is not decided; but, assuming for the purpose of this case that such jurisdiction had ceased on the granting of increased jurisdiction in the county court, it is *held,* that by failing to make objection to the jurisdiction of the magistrate, and by appealing from the judgment of the police court to the district court and participating in the trial in the district court and making no objection to its jurisdiction or to the jurisdiction of the police magistrate until after a verdict of guilty, the defendant waived all questions of jurisdiction not raised, and that it was error in the district court to grant a motion in arrest of judgment and discharge the defendant.

Appeal from District Court, Cass county; *Pollock, J.*

Horace G. Russell was convicted of assault. From an order granting a motion in arrest of judgment and discharging the defendant, the State appeals.

Reversed and remanded.

*Seth W. Richardson* and *W. H. Barnett,* for appellant.

Where a committing magistrate does not commit, but proceeds to try in matters where he has no jurisdiction to try, an appeal from his judgment of conviction gives jurisdiction to the appellate court. State v. Schuerman, 52 Mo., 165; State v. McCombs, 13 Ia., 426; Commonwealth v. Whalen, 17 N. E. 881; Commonwealth v. Tipper 58 Ky. 6; State v. McEvory 27 N. W. 273; Commonwealth v Harvey, 11 Mass. 420.

Jurisdiction of person can be had by consent of party; and appearing and contesting in a case in a court having jurisdiction of subject matter, confers full jurisdiction. Ledgerwood v. State, 33 N. E. 631; In re Blum, 30 N. Y. Supp., 396; State vv. Fitzgerald 51 Minn. 534, 53 N. W. 799, 12 Cyc. 196; State v. McEvory, 27 N. W., 273; State v. Reeves, 11 So., 296.

Appearance and answering charge waives objection to the jurisdiction of person. Aderhold v. Mayer, 12 So., 472; Comm. v. Herny, 61 Mass., 512; State v. Allison, 24 Pac. 964; Junction City

v. Keefe, 19 Pac. 735, State v. Kinney, 41 Ia., 424; Perteet v. People, 70 Ill., 171; State v. Meader, 47 Vt., 78.

No appearance by defendant.

SPALDING, J.   This is an appeal by the state from an order granting respondent's motion in arrest of judgment on conviction of assault and discharging respondent.   The record discloses that Martin Ryan was, at the time the proceedings involved in this appeal were had, the duly elected and acting police magistrate in and for the city of Fargo.   The respondent, Russell, was complained against and charged with committing the crime of assault and battery.   Upon the complaint filed with him, Ryan issued a warrant for the arrest of respondent, who was arrested thereon.   The case was tried on the 10th day of April, 1908; both parties submitting their evidence without objection or motion of any kind with respect to the jurisdiction of said court.   The respondent was found guilty of the crime charged and fined $25 and costs.   He thereupon gave notice of appeal and duly filed such notice and the usual undertaking.   The next succeeding term of district court at which a jury was in attendance was the general term which began on November 4, 1908.   At such term the state's attorney moved the trial of the case at bar.   Both parties appeared, and, without motion or objection touching the jurisdiction of the court to hear and determine the issues, the action was submitted to a jury, which thereafter returned its verdict finding respondent guilty of the crime of assault. After the filing of such verdict, respondent, by his attorneys, orally informed the court that he would move in arrest of judgment upon jurisdictional grounds, and upon the 25th day of November, 1908, such motion was made and filed, and the court, by an order entered on December 5, 1908, granted respondent's motion for arrest of judgment and discharged respondent.   From this order the state duly appealed to this court.   Respondent filed no brief and is unrepresented.   The order held the police magistrate without jurisdiction for the reason that the county court of Cass county has increased jurisdiction, and that, under section 111 of the Constitution, the jurisdiction possessed by police magistrates, in cases of misdemeanors where county courts have not increased jurisdiction, had ceased, and that therefore the police magistrate proceeded without jurisdiction over the defendant, and that none was conferred upon the district court by appeal.

It cannot be controverted that the district court had jurisdiction of the subject-matter—that is, of the offense charged—and the only question necessary to be determined on this appeal is whether the proceedings were such that the district court acquired jurisdiction of the person of the respondent. Section 103 of the Constitution grants the district court original jurisdiction of all causes both at law and equity. Section 9561, Rev. Code 1905, grants the district court common-law jurisdiction and authority for the redress of all wrongs committed against the laws of the state. Section 9564, Rev. Code 1905, gives the district court power to hear, try, and determine, upon information or indictment of the offender as provided by law, prosecutions for crimes or public offenses against the laws of this state, and upon conviction to impose punishment, etc. These provisions give the district court original jurisdiction of misdemeanors. State v. Finder, 10 S. D. 103, 72 N. W. 97. The respondent did not raise the question of jurisdiction in the police court, neither did he suggest it in the district court pending or during the trial. It is well established that jurisdiction of the person, in both civil and criminal cases, may be obtained by consent of the defendant, and that by being present in person and contesting the issues arising in the case, whether civil or criminal, jurisdiction is conferred upon the court of the person, regardless of previous irregularities of process or in the method by which defendant is brought into court; that jurisdiction is conferred by the defendant's presence and participation in the trial, unless special objection is made thereto. Such objection must be seasonably made or he is held to have waived it. It is held in Ledgerwood v. State, 134 Ind. 81, 33 N. E. 631, that jurisdiction over the person is complete when the appellant comes into court, on being arrested, and voluntarily pleads guilty. In Re Blum, 9 Misc. Rep. 571, 30 N. Y. Supp. 396, the court holds that defendant, having demanded and stood trial without objection, he cannot be heard, after conviction, to claim the court had no jurisdiction of his person. See State v. Fitzgerald, 37 Minn. 26, 33 N. W. 788; 12 Cyc. 196; State v. McEvoy, 68 Iowa, 355, 27 N. W. 273; State v. Sarratt, 14 Rich. Law (S. C.) 29; State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407; State v. Kinney, 41 Iowa, 424; Perteet v. People, 70 Ill. 171; State v. Meader, 47 Vt. 78; State v. Watson, 30 Kan. 281, 1 Pac. 770.

The other questions raised in this case are of great importance to those counties in which the county courts have been given increased jurisdiction. We deem it inadvisable, in view of the fact that no argument was made or brief submitted in the case at bar on behalf of the defendant to determine whether a police magistrate loses jurisdiction to act as a committing magistrate, or to try misdemeanors, in such counties. It is enough for the purposes of this case to decide the one question we have passed upon and leave the more important question for consideration after it has been fully presented by both sides, if it should ever be raised again. We are satisfied that, even though the police magistrate may not have had jurisdiction to try this respondent, the respondent is in no position to raise the question of jurisdiction at this time, that by his course of procedure he waived his right to do so, and that the district court, having jurisdiction of the subject-matter, obtained by respondent's conduct complete jurisdiction to try and determine the case.

The order appealed from is reversed, and the case remanded for further proceedings in the district court in accordance with law. All concur, except Morgan, C. J., not participating.