## ADOLPHUS HILL V. THE STATE.

No. 9923.   Delivered March 17, 1926.

**Possessing Intoxicating Liquor—Charge of Court—On Weight of Evidence—Error.**

Where, on a trial for possessing intoxicating liquor, the court charged the jury that "A person riding in an automobile, knowing at the time that same contained intoxicating liquors, may be deemed in law in possession of the intoxicating liquor," was clearly a charge on the weight of the evidence, and as effectually withdrew appellant's defense as if the jury had been told in plain language to disregard it. See Vernon's C. C. P. under Art. 735.

Appeal from the District Court of Zan Vandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for possessing intoxicating liquor, for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*John L. Poulter* of Fort Worth, for appellant.

· *Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the possession of intoxicating liquor and the punishment is three years in the penitentiary.

The facts show that one Holmes, a white man, was found in a car a few miles east of Canton and that said car had a large quantity of whiskey in it. Appellant was arrested in the town of Canton, and made a statement in which he admitted that he came there with a man named Holmes, but stated that he had

left Fort-Worth as a mechanic; that he did not know there was any whiskey in the car until a short time before the battery went dead just east of Canton; that he learned that whiskey was in the car when one of the bottles broke and Holmes admitted to him, at that time, that the car did contain whiskey; that he, the witness, lived in Fort Worth and had only fifteen cents, and for that reason remained in the car with Holmes. It was his theory and his testimony raised the issue that his connection with the automobile was that of a mechanic only and that he had no knowledge of or connection with the transportation or possession of the liquor that was in the car, save as above indicated.

The court, in paragraph 2 of his charge to the jury, said:

"By the word possess as mentioned in the foregoing statute is meant the actual personal control, care and management of the property, either alone or jointly with others, and does not necessarily mean the ownership thereof. A person riding in an automobile, knowing at the time that same contained intoxicating liquors, may be deemed in law in possession of the intoxicating liquors."

Defendant objected to said charge in the following way:

"Defendant objects and excepts to that part of Section No. 2 of the court's main charge wherein the jury are instructed that 'a person riding in an automobile, knowing at the time that same contained intoxicating liquors, may be deemed in law in possession of the intoxicating liquors,' because such charge is grossly upon the weight of the evidence, and is misleading and calculated to be highly prejudicial to the rights of the defendant, and such instruction is no part of the law of this state, and is improperly included in said charge."

The rule is well settled in Texas that the court is not authorized to charge upon the weight of the evidence. The charge as given as effectively withdrew appellant's defense as if the jury had been in plain language told to disregard it. Many cases will be found collated under Art. 735, Vernon's C. C. P., which condemn the action of the court in charging on the weight of the evidence.

Because of the error of the court as above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.