[File No. Cr. 94.]

In the Matter of the Application of HARRY STRICKER for a Writ of Habeas Corpus.

STATE OF NORTH DAKOTA EX REL. HARRY STRICKER, Petitioner, v. MARK ANDREWS, Sheriff of Cass County, Respondent.

(242 N. W. 912.)

Opinion filed May 28, 1932.

*W. J. Kelly* for petitioner.

*James Morris,* Attorney General, and *Frank I. Temple,* State's Attorney, for respondent.

BURR, J. Petitioner applied to the district court of Cass county for a writ of habeas corpus and was refused. His application was then made to this court.

In the county court with increased jurisdiction the defendant was charged with the crime of "aggravated assault and battery" as defined by chapter 114 of the Session Laws of 1929. This statute says that if a person commits the acts set forth therein he "shall be guilty of the crime of aggravated assault and battery and shall be punishable by a fine of not more than one thousand dollars ($1,000.00), or be imprisoned in the county jail for not more than one year or imprisoned in the penitentiary for not more than one year, or by both such fine and imprisonment."

The defendant entered a plea of guilty and was sentenced to serve a term of one year in jail at hard labor and pay a fine of $500.00. In accordance with the sentence he was committed to and is now in the custody of the Sheriff, the respondent herein.

Petitioner contends the county court had no jurisdiction to entertain the charge or to pass sentence, and therefore his imprisonment is illegal.

The contention of the petitioner must be sustained. Section 111 of the Constitution of this state gives to county courts with increased jurisdiction "concurrent jurisdiction with the district courts . . . in all criminal actions below the grade of felony . . ."

Sections 9197 and 10,387 of the Compiled Laws of 1913 say:

"A felony is a crime which is or may be punishable with death or

imprisonment in the penitentiary; every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is, except when otherwise specially declared by law to be a felony, a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary."

The crime defined in chapter 114 of the Session Laws of 1929 "is or may be punishable with . . . imprisonment in the penitentiary." Consequently it is a felony. Being a felony the county court has no jurisdiction to hear and determine the charge.

It is said the defendant pleaded guilty and therefore waived such objection; and because the court imposed a sentence of imprisonment in the county jail of one year and a fine of less than one thousand dollars, the offense charged became a misdemeanor.

Jurisdiction of the subject matter is conferred by the constitution and not by the consent of the party interested. Mutual consent cannot give a jurisdiction over subject matter excluded by the law of the land. Gjerstadengen v. Van Dusen & Co. 7 N. D. 612, 615, 66 Am. St. Rep. 679, 76 N. W. 233; Wayne v. Caldwell, 1 S. D. 483, 36 Am. St. Rep. 750, 47 N. W. 547; State ex rel. Cranmer v. Thorson, 9 S. D. 149, 33 L.R.A. 582, 68 N. W. 202. This principle, relative to civil matters, is applicable to criminal proceedings.

The case of State v. Russell, 18 N. D. 357, 121 N. W. 918, cited on behalf of respondent, is not applicable. The jurisdiction of the police magistrate in that case became moot when the defendant appealed generally to the district court. The district court had jurisdiction of the subject matter and, by appeal, of the defendant. Had the defendant appealed on questions of law alone the objection might have been preserved; but it was too late for him to raise the question at the time he did.

It is said the charge became a misdemeanor because of the penalty inflicted.

It will be noticed that this provision providing for the lesser penalty and thus the reduction of the crime from felony to a misdemeanor is confined to the time of passing of sentence. Prior to such time the crime charged is a felony, must be charged as such, must be tried as such, and this implies must be in a court that has the jurisdiction to

try a felony. After the case is tried and when the defendant is ready for sentence, the court, in the exercise of judicial discretion, may reduce the crime to the status of a misdemeanor.

Here the court has no jurisdiction to hear and determine a felony and consequently did not have the right to exercise any discretion as to punishment.

The county court having no jurisdiction to try the case and impose sentence, the writ must issue. However, under the provisions of § 8964 of the Supplement, "the judge of a county court having increased jurisdiction may act as a committing magistrate, and hold preliminary examination in any part of his county;" and the State is not precluded from appearing in the county court for that purpose.

The writ applied for will issue.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.