THE CITY OF ALTON, Plaintiff-Appellee, *v.* ELIZABETH BERGESCH *et al.,* Defendant-Appellant.

(No. 70-78;

Fifth District—January 6, 1972.

Hoagland, Maucker, Bernard & Almeter, of Alton, (Donald L. Smith, of counsel,) for appellant.

Arthur L. Greenwood, of Alton, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This action was brought by the City of Alton, a municipal corporation, for an order authorizing the city to demolish certain improved real estate in the city owned by the defendants Elizabeth Bergesch and Robert Funk and to acquire a lien thereon pursuant to Illinois Revised Statutes, 1965, Chapter 24, par. 11—31—1, hereinafter referred to as Section 11—31—1, which reads in pertinent part as follows:

"The corporate authorities of each municipality may demolish, repair or cause demolition or repair of dangerous and unsafe buildings or uncompleted and abandoned buildings. No building may be boarded up or otherwise enclosed. The corporate authorities shall apply to the circuit court of the county in which such building is located for an order authorizing such action to be taken with respect to any such building if the owner or owners thereof, including the lienholders of

record, after at least 15 days' written notice by mail so to do, have failed to put such building in a safe condition or to demolish it."

The case was tried before a jury by defendant Funk without counsel. Defendant Bergesch did not appear. The jury returned a verdict in favor of the plaintiff City of Alton and the trial court entered an order in conformance with the verdict permitting the city to demolish the defendants' realty and to establish lien for the cost of demolition. Funk, only, appeals from this order. We affirm.

Funk purchased the property in question from Bergesch in 1956. In 1964 Funk obtained a building permit for the purpose of making repairs, but did not complete the work. On August 3, 1966, the chief building inspector for the city warned him that the building was in an unsafe condition and that he was referring the matter to the city attorney. On August 22, 1966, the chief building inspector advised defendant Bergesch that his office would apply for an order for demolition or repair. On August 25, 1966, the city attorney of Alton wrote to Funk instructing him to comply with the building permit. On October 6, 1967, the chief building inspector of the City of Alton wrote a letter notifying defendant Funk that pursuant to Ordinance No. 2692 of the revised ordinances of the City of Alton and Section 11—31—1, the building owned by him and located at 608 William Street, Alton, Illinois, was in an unsafe and dangerous condition. He further stated in the letter that the building had to be demolished or repaired within fifteen days from the date of the letter or the office of the chief building inspector would apply to the Circuit Court of Madison County, Illinois for an order of demolition in accordance with the statute.

On June 10, 1968, the city of Alton filed a petition pursuant to Section 11—31—1 and the defendant Funk was properly served with summons. On July 22, 1968, defendant Funk filed a motion to dismiss through his then attorneys. When defendant Funk's motion to dismiss was called for hearing, Funk and the city entered into an agreement whereby a ruling on the motion would be held in abeyance for thirty days and the motion would be dismissed if no steps were taken to proceed with repairs or demolition. The time elapsed and the motion to dismiss was denied. His attorneys then withdrew from the case and Funk represented himself during the ensuing jury trial.

After the adverse jury verdict and order of the Circuit Court Funk retained an attorney who filed a post trial motion in his behalf.

Appellant first contends that the demolition order entered by the trial court after the jury verdict is invalid because the record shows that the demolition proceedings were not authorized by the corporate authorities of the city of Alton as required by Chapter 24, Section 11—31—1 of the

Illinois Revised Statutes. The record reflects that the plaintiff was acting under Ordinance No. 2692 of the City of Alton.

Then too, there was no objection made regarding the ordinance not being set forth in the petition either before, during or in the post trial motion. In addition, the ordinance and statutory authority here involved were admitted into evidence by virtue of plaintiff's exhibit No. 3 being offered and admitted into evidence in which the said ordinance and statutory authority were cited.

Appellant next contends that he was not properly notified as required by Section 11—31—1. Since the record discloses that proper notice was sent to Funk, this contention will not be considered.

■■ Appellant also contends that the trial erred in not giving written instructions to the jury on the issues in the case. We would consider this alleged error because of the nature of this case, even though this contention was not made in the trial court or in appellant's post trial motion. However, the evidence in this case so overwhelmingly favors the appellee that a contrary verdict could not stand. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494.) Therefore any claimed error in this regard is harmless. 53 Am.Jur., Trial, Sec. 510, p. 413.

■■ There was little argument about the condition of the property and defendant Funk's failure to remedy the serious defects. Defendant Funk, on cross-examination stated: "I will admit I was lax." He admitted that he had not completed repairs within the two years the permit remained in effect, that he could not obtain insurance, that there had been two fires, that he could not obtain financing or a contractor to do the necessary work, and that working on it part-time he would "estimate * * * from twelve to eighteen months" to complete repairs.

The chief building inspector of the city of Alton testified, "As far as the structure is concerned, it is a heap of rubble," and testified at length with specific details supported by photographs to establish the accuracy of his description. None of the evidence about the highly deteriorated condition and the need for repairs was contradicted.

■■ Nor does the record reveal any mishandling of this case by the trial court to Funk's prejudice as he contends. To the contrary, the record establishes that he was treated courteously, given guidance, and in general was treated with patience and fairness by the trial judge. He was represented by counsel before and after trial, and, by his own choice, he represented himself during trial.

Any deviation from what is normal, proper and legal under the laws of Illinois must be attributed to Funk, and not the City of Alton. There was certainly no violation of due process. There was no evidence pre-

sented to support the appellant's allegation in his post trial motion that "the defendant was forced to try this matter before a jury without counsel and sufficient time to acquire a counsel for a just and proper defense." There was no accelerated action taken in this case but rather, a long drawn-out procedure with defendant Funk being given repeated notices, delays, opportunities to comply and finally, the trial in which proceedings were eminently fair to him.

For the foregoing reasons the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.