James M. McGINNIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51548.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Wayland A. Simmons, San Antonio, for appellant.

Ted Butler, Dist. Atty., Teofilo Chapa, Edward Prado and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of cruelty to an animal. The court assessed punishment of confinement in jail for 6 months and a fine of $100. The imposition of sentence was suspended and the appellant was granted probation.

The appellant asserts the court's charge to the jury was a comment on the weight of the evidence. He also challenges the sufficiency of the evidence.

The prosecution is for a violation of V.T.C.A. Penal Code, Sec. 42.11, which provides:

"(a) A person commits an offense if he intentionally or knowingly:

"(1) tortures . . . an animal;"

Article 180, V.A.C.S., defines torture of an animal as every act, omission or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is a reasonable remedy or relief.

The jury was instructed in pertinent part that:

"IV.

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of October, A.D. 1974,

in Bexar County, Texas, the defendant, James M. McGinnis, did intentionally and knowingly torture an animal, to-wit: said James M. McGinnis did trap a dog in a metal animal trap, injuring the dog's leg, and said defendant did then and there beat the said dog to death, then you will find the defendant guilty . . . "

■ The charge instructed the jury, over the appellant's objection, that the acts described constituted proof of torture of an animal. This was a comment on the weight of the evidence. See Article 36.14, V.A.C. C.P. Cf. *McCandless v. State,* 21 Tex.App. 411, 2 S.W. 811 (1886); *Jaimes v. State,* 32 Tex.Cr.R. 473, 24 S.W. 297 (1893); *Harkey v. State,* 33 Tex.Cr.R. 100, 25 S.W. 291 (1894); *Jones v. State,* 70 Tex.Cr.R. 343, 156 S.W. 1191 (1913); *Hughes v. State,* 99 Tex. Cr.R. 244, 268 S.W. 960 (1925); *Hill v. State,* 103 Tex.Cr.R. 531, 281 S.W. 562 (1926). The charge did not permit the jury to determine whether the acts described in the court's charge constituted proof of the torture of an animal. The jury should have been instructed on the definitions of torture of an animal, and it should have been permitted to determine whether the acts described in the circumstances of this case show the torture of an animal.

■ The law appears to contemplate that in some circumstances the infliction of pain and suffering on an animal may be necessary and justifiable, and in such circumstances would not be torture of the animal. The testimony of the appellant in this case raised issues of whether his acts were necessary and justifiable in protecting his family and property because he had no other remedy or relief.

We will not rule on the sufficiency of the pleading inasmuch as that issue has neither been raised nor briefed; however, even if the pleading is sufficient, we observe that it may very well have misled the court into submitting the improper charge.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., dissents.