**STATE of Iowa, Appellee,**

v.

**Wallace Andre JACKSON, Appellant.**

No. 85–1852.

Supreme Court of Iowa.

Dec. 17, 1986.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., G. Wylie Pillers, III, Co. Atty., and Gary Rolfes, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

Until this case was submitted to the jury the trial was routine and uneventful. There was strong evidence to support the jury's verdict that defendant was guilty of second-degree burglary. Iowa Code §§ 713.1, 713.5 (1985). The only flaw in the whole trial was that the jury was sent to deliberate without taking with it a copy of the jury instructions. We find that defendant waived the error and cannot now complain. We therefore affirm.

Defendant was identified as one of two men who broke into a residence through a living room window. He was later arrested and tried on the burglary charge. After a three-day trial the instructions were read to the jury and it was told to begin its deliberations.

Under Iowa procedure written instructions are required. *See* Iowa R.Crim.P. 18(5)(f) ("Upon the conclusion of the argu-

ments, *the court shall charge the jury in writing*, without oral explanation or qualification, stating the law of the case."); *see also* Iowa R.Civ.P. 196 ("The court shall instruct the jury as to the law applicable to all material issues in the case and *such instructions shall be in writing....*") (emphasis added).

As required, the trial court read its written instructions to the jury before directing it to begin deliberations. After doing so the jury retired to deliberate but, for some unexplained reason, it was not given the written instructions to take with it to the jury room. The mistake was not discovered until the jury returned to announce its verdict. The following then transpired:

THE COURT: Have you signed a verdict form?

MR. McCLOY: We haven't received it as yet.

THE COURT: It's in the back of the book.[1] Go get the book out of there, bailiff.

MR. McCLOY: We have no book. That is what we suggested to someone, that we don't have it.

THE COURT: Where is it? Please, just sit for a moment. I'm terribly sorry. Through my oversight these did not go in. I would ask you to take these with you. Go back to your jury room. Be certain that you have reached a verdict that conforms to the instructions, and when you wish to come back in court— we'll stick around.

MR. McCLOY: Thank you sir.

THE COURT: I'm terribly sorry. (Whereupon the jury returned to its jury room at 12:02 p.m., on November 22, 1985).

Three minutes later the jury again returned to the courtroom and handed the verdict to the court. The judge read the verdict finding defendant guilty of second-degree burglary and polled the jurors. It was at this point that defense counsel moved for a mistrial for the reason the jury

had arrived at a decision without having a written copy of the jury instructions.

I. Defendant relies on *State v. Harding*, 81 Iowa 599, 47 N.W. 877 (1891), in which we set aside a conviction because a written copy of the instructions was not made available to the jury before it reached a verdict. The *Harding* trial court told the jury to wait until the instructions could be typed and to then again deliberate. The jury complied but again quickly reached a guilty verdict. In reversing we said:

[T]hat the law contemplates ... the deliberations of the jury, under [the] instructions of the court as to the law that is to guide it to a conclusion, shall be in writing, there is no reasonable ground to doubt.

81 Iowa at 601, 47 N.W. at 877.

Cases from other jurisdictions are conflicting. *Compare, e.g., Alton v. Bergesch*, 3 Ill.App.3d 726, 279 N.E.2d 139 (1972) (where the evidence is so overwhelming that a verdict contrary to the one reached cannot stand, failure by the courts to give written instructions is harmless error); *with Harkey v. State*, 33 Tex.Crim. 100, 25 S.W. 291 (1894) (where a specific provision requires written instructions, the failure to provide them is reversible error). *See* Annot., *Propriety and Prejudicial Effect of Sending Written Instructions With Retiring Jury in Criminal Case*, 91 A.L.R.3d 382 (1979).

II. Whatever merit may be found in defendant's assignment, he is faced with the State's contention that he did not assert the error in time to preserve it. We have always recognized that "a mistrial motion must be made when the grounds therefor first become apparent." *State v. Ware*, 205 N.W.2d 700, 702 (Iowa 1973); *State v. Boose*, 202 N.W.2d 368, 369 (Iowa 1972).

Defendant's counsel did not at first object to the trial court's remedy for the problem. No objection was made until the jury returned a few minutes later and announced its verdict. On appeal defendant

---

1. Jury verdicts in Iowa are attached to and made a part of the written instructions.

**514**

seeks to justify his tardiness by pointing out that the negative impact of the trial court's actions was not apparent until the jury's almost immediate return with the verdict. Only then, he contends, was he made aware that the jury would not actually reexamine the written instructions and again deliberate.

There is a certain logic to defendant's justification, but it overlooks the reasons we require an objection to be made when the grounds first become apparent. The requirement is addressed to the grounds themselves and not to their ultimate impact. Two reasons most often advanced for our requirement are: (1) the trial court should be alerted in time to have an opportunity to correct or amend the problem; and (2) the person complaining should not be allowed to wait until victory is lost before complaining. Both reasons are implicated here.

It may well be true that defendant did not anticipate the jury would reappear so soon with its verdict. On the other hand such a possibility confronted the defendant the minute the trial court announced the procedure now challenged. If defendant had raised the point before the jury again retired the trial court might have directed a verdict or it might have taken steps to more carefully inform the jury about the importance of reviewing the written instructions before reaching a verdict. Any chance to act on the motion was, by defendant's tardiness, lost until after the verdict was announced.

There is something fundamentally unfair about letting a person with a complaint have it both ways. Such a person is not entitled to a no-lose advantage. Defendant should not be allowed to await the verdict, which might have acquitted him, before alerting the trial court of his complaint. This is precisely what happened here. The time for complaint is earlier.

Defendant did not preserve error.

AFFIRMED.