IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-317-CR





MICHAEL RODDY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 341721, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 





PER CURIAM

 The county court at law found appellant guilty of cruelty to an animal and assessed
punishment at incarceration for sixty days and a $1000 fine, probated. Tex. Penal Code Ann. §
42.11(a)(1) (West 1989). We will affirm.

 It is an offense to intentionally or knowingly torture an animal. Penal Code
§ 42.11(a)(1). The information alleged that appellant struck a dog "with a sharp object about the
head and that said act constituted torture to said animal." Appellant challenges the legal
sufficiency of the evidence, arguing that the State failed to prove that he tortured the animal within
the meaning of the statute. In a related point of error, appellant contends his conduct was justified
by necessity. 

 Around midnight on June 1, 1990, Garfield Britton heard his dog barking in the
back yard. He looked outside and saw appellant, his neighbor, reaching over the fence and
striking at the animal. Appellant appeared to be holding a knife. "As he went in a downward
motion with the object in his hand, my dog grabbed him. Every time he -- and I would see his arm
shake, he would come back up and I would see him go back down and the arm would shake and
I seen him come -- I saw him do it at least three times." Britton called the dog inside and found
a half-inch cut above its eye that required stitches to close.

 Britton had been living next door to appellant for about three weeks. Appellant
testified that the dog had barked continuously during this time, and was doing so on the night in
question. In hopes of quieting the animal, appellant went outside to the fence and motioned,
saying "Go away. Go away." The dog bit appellant's hand and did not let go. According to
appellant, the bite required hospital treatment. To free himself from the dog, appellant struck the
animal with his other hand. Appellant admitted that he was holding a small kitchen knife in that
hand, but he denied stabbing the dog. 

 "Torture" is not defined in the Penal Code. Thus, we must construe the term in
context and according to common usage. Tex. Penal Code Ann. § 1.05 (West 1974 & Supp.
1994); Tex. Gov't Code Ann. § 311.011(a) (West 1988). Both appellant and the State suggest
that an appropriate definition is found in the former civil statute dealing with cruelty to animals,
which defined "torture" as "every act, omission or neglect whereby unnecessary or unjustifiable
pain or suffering is caused, permitted or allowed to continue when there is a reasonable remedy
or relief." Revised Statutes, 39th Leg., R.S., § 1, art. 180, 1925 Tex. Rev. Civ. Stat. 2, 59
(repealed 1989). Before article 180 was repealed, the Court of Criminal Appeals relied on this
definition in a prosecution under section 42.11(a)(1). McGinnis v. State, 541 S.W.2d 431 (Tex.
Crim. App. 1976). 

 Appellant argues that proof of torture requires proof of four elements: (1) severe
pain, (2) inflicted for some improper purpose (3) over a prolonged period of time, and (4)
accompanied by some element of restraint. We agree that proof of such conduct against an animal
would be sufficient to prove an offense under section 42.11(a)(1). We do not agree, however,
that all four elements must be proved in every case. Both in common usage and under the article
180 definition, the infliction of any unnecessary or unjustifiable pain can constitute torture. Stated
another way, a person tortures an animal whenever he inflicts pain merely for the sake of
inflicting pain. The circumstances surrounding the defendant's conduct, including the nature of
any restraint and the severity of the pain inflicted, are of course relevant in determining the nature
of that conduct.

 Appellant argues that he should have been prosecuted pursuant to section
42.11(a)(5), which declares that it is cruelty to injure an animal belonging to another without legal
authority or the consent of the owner. We agree that appellant could have been prosecuted under
this subsection. But section 42.11 lists seven different circumstances under which a person may
commit cruelty to an animal, and some overlap among these subsections is inevitable. Even an
act of torture satisfying all four of appellant's proposed elements would also constitute the
infliction of injury under subsection (a)(5). We decline to hold as a matter of law that appellant's
conduct, as described by the State's evidence, cannot constitute torture within the meaning of
section 42.11(a)(1). 

 The law contemplates that in some circumstances the infliction of pain on an animal
may be necessary and justifiable, and in such circumstances would not be torture of the animal. 
McGinnis, 541 S.W.2d at 432; and see Tex. Penal Code Ann. § 9.22 (West 1974). Appellant
argues that if he injured the dog, he was justified in doing so because the dog bit him on the hand
and would not release him. This contention was presented to the trial court through appellant's
testimony and the argument of counsel, and was clearly rejected. In finding appellant guilty, the
court stated, "Based on the evidence I've heard, I'm going to find the defendant guilty and I'm
going to do it for one reason: I don't believe him. The story is rather ludicrous as to why he
went out there and why his hand was over the fence. And as I recall there was no doubt as to his
hand being over the fence, so I'm going to find him guilty."

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). In this
cause, a rational trier of fact could find beyond a reasonable doubt that appellant intentionally or
knowingly stabbed the dog on the head without justification, and that this conduct constituted
torture under the circumstances. We conclude that the evidence is legally sufficient to sustain the
conviction and overrule points of error one and two.

 In his final point of error, appellant contends he was denied due process of law
because, at the time the county court at law rendered its verdict, the court had forgotten and thus
failed to consider the "core" of appellant's evidence. The testimony in this cause was taken on
March 2, 1993. The parties returned to court on May 28 for the verdict, before which brief
argument by counsel was presented. When defense counsel mentioned that the injuries to
appellant's hand required a trip to the hospital and resulted in "a good bill," the court remarked,
"I don't recall you introducing any evidence as to the hospital bills or anything else. I have no
recollection of that whatsoever." The record reflects that when appellant testified that his medical
bill was over $800, the State objected on the ground of relevance. The court responded, "Injuries
might be relevant. The amount of the bill is not."

 Contrary to appellant's argument under this point or error, the record does not
support the conclusion that the county court at law forgot or failed to consider appellant's
testimony describing the bite to his hand and the nature and extent of his injuries. Whether or not
the amount of appellant's hospital bill was in evidence, it was plainly not the "core" of appellant's
necessity defense. It is clear from the record that the court did not reject appellant's defense
because it forgot appellant's testimony, but because it did not believe appellant's testimony. Point
of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 22, 1994

Do Not Publish